LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

# FILED

DISTRICT COURT OF GUAM

MAR 17 2006

**MARY L.M. MORAN**
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE, | CIVIL CASE NO. CIV **06-00008** |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**INTRODUCTION**

1.  This is a medical malpractice action.

**JURISDICTION**

2.  This action arises under 48 U.S.C. §1424, as amended, and 28 U.S.C. §1346(b).

**PARTIES**

3.  Plaintiffs Deborah K. Rutledge and Thomas R. Rutledge are adult individuals, are husband and wife and are residents of the State of Maryland.

4.  Defendant is the United States of America.

**FACTS**

5.  Defendant operates a health care facility on Guam known as the Andersen Air Force Base Clinic, and also known as, and referred to below as, AAFB Clinic.  Defendant, in operating this clinic, holds itself out as providing that degree of care, skill, diligence, and attention used by medical clinics generally in the care and treatment of patients.  The clinic operated by defendant has in its employ, among others, doctors, physician assistants, nurses, nurses' aides and other personnel over which it exercises exclusive control and supervision.

6.  On July 27, 2004, Deborah Rutledge (hereinafter Mrs. Rutledge) woke up experiencing a loss of feeling in her vaginal area and numbness on the bottoms of her feet.

7.  On the aforementioned date, Mrs. Rutledge went to the AAFB clinic for consultation and treatment for these symptoms.  At said time and place a physician/patient relationship was established between Mrs. Rutledge and the AAFB Clinic.

8.  While under such care and treatment, the condition of Mrs. Rutledge was mis-diagnosed.  The medical personnel who treated her failed to properly diagnose Mrs. Rutledge as suffering from the classic symptoms of Cauda Equina Syndrome and failed to timely refer her for further testing, evaluation or treatment or to refer her to an appropriate medical specialist.

- 2 -

9. In so treating Mrs. Rutledge, defendant's employees and agents deviated from standard approved medical practices and negligently failed to treat Mrs. Rutledge with the degree of skill, diligence and attention used by and expected of such clinics and hospitals generally.

10. As a direct and proximate result of the negligence of defendant in failing to properly diagnose Cauda Equina Syndrome, the condition of Mrs. Rutledge deteriorated and worsened. She presented herself again at the AAFB Clinic on August 2, 2004 and August 17, 2004 and the clinic continued to fail to properly diagnose her condition or refer her for appropriate specialist care.

11. On August 27, 2004, Mrs. Rutledge was finally able to getbe seen by an orthopedic consultant at the Guam Naval Hospital. Upon examination of Mrs. Rutledge at that time she was immediately medically evacuated to Hawaii where emergency surgery was performed that day.

12. If the condition of Mrs. Rutledge had been properly diagnosed and an appropriate referral made by the AAFB Clinic for specialist treatment, the condition could have been effectively treated and the resulting permanent disabling outcome avoided.

13. As a direct and proximate result of the negligence of defendant described above Mrs. Rutledge is permanently disabled,

- 3 -

suffers from permanent and constant numbness in her legs and vaginal area, has difficulty walking and is prevented by her condition from carrying on many basic and necessary activities of life.

14. On May 3, 2005, plaintiffs, by and through a special process server employed by their counsel, served a "Claim for Damage, Injury or Death" form (Standard Form 95) on the Andersen Air Force Base Legal Services Office in Yigo and upon the United States Attorney's Office, District of Guam.

15. Defendant has failed to finally dispose of the above-described claim within six months after its submission.

## CLAIM FOR RELIEF

### PERSONAL INJURY

16. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 of the complaint herein.

17. As a direct and proximate result of the negligence of defendant, plaintiff Deborah Rutledge has suffered and will suffer injuries described above, which have caused and will continue to cause severe pain and suffering.

18. As a further direct and proximate result of the negligence of defendant, plaintiff Deborah Rutledge has incurred and will

- 4 -

continue to incur medical and incidental expenses in an amount to be proven at trial.

## SECOND CLAIM - LOSS OF CONSORTIUM

19.   Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 and 17 through 18 of the complaint herein.

20.  As  a  direct  and  proximate  result  of  the  negligence  of defendant and the resulting injuries to plaintiff Deborah Rutledge, plaintiff Thomas Rutledge has been deprived and will continue to be deprived of the society, companionship, consortium and services usually provided by a spouse in good health and of unimpaired vigor and strength.

## DEMAND FOR RELIEF

**WHEREFORE,** plaintiffs pray Judgment be entered against defendant as follows:

1.   For general and special damages for the personal injury to plaintiff Deborah Rutledge in the sum of $10,000,000.00;

2.   For past and future medical expenses of plaintiff in an amount to be proven at trial;

3.   For loss of consortium of plaintiff Thomas Rutledge in the sum of $500,000.00;

- 5 -

4.   For costs of suit;

5.   For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: _3/16/06_          By: _____
                              **ROBERT I. KEOGH**

- 6 -

## VERIFICATION

We, the undersigned, being first duly sworn, depose and say that we are Guardians Ad Litem of a party to the above-entitled matter; the foregoing statements are true of our own knowledge, except as to matters which are therein stated on our information or belief; and as to those matters we believe them to be true.

Date: Feb 17, 2006     *Deborah K. Rutledge*

**DEBORAH K. RUTLEDGE**

Date: 17 Feb 06     *[signature]*

~~THOMAS~~ R. RUTLEDGE

State of _____ )
County of _____ ) ss.

SUBSCRIBED AND SWORN TO before me this 17th day of February, 2006 by Thomas R. Rutledge and Deborah K. Rutledge.

*[signature]*
Notary Public

- 7 -