LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

FILED
DISTRICT COURT OF GUAM
AUG 10 2007
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. CIV06-00008<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND IN THE ALTERNATIVE FOR DEPOSITION PROTOCOL |

## I. INTRODUCTION

Plaintiffs bring this motion for a Protective Order or in the alternative for an Order establishing a deposition protocol. The motion is brought pursuant to FRCiv.P 26(c). The motions and discovery cut-off dates set in the Scheduling Order have passed. Expert depositions have not been taken. The trial is set for November 5, 2007. The parties have agreed upon an expert deposition schedule subject to the approval of the Court. Plaintiffs are seeking the Court's assistance in determining if expert depositions can even take place now in light of the fact that the cut-off dates have passed and if so in approving a suitable schedule.

At some of the fact witness depositions that have been taken so far in this case, plaintiffs submit that counsel for defendant violated Rule 30(d)(1) in the making of repeated argumentative and suggestive objections and otherwise engaged in abusive discovery practices. In the event expert depositions are to take place, plaintiffs further seek issuance of a Protective Order setting a protocol to be followed at such depositions.

**II. FACTS**

A Scheduling Order and Discovery Plan was filed in this matter on June 15, 2006. A Discovery Cutoff date was set for July 9, 2007, and a Discovery Motions Cutoff date was set for July 23, 2007. In addition, plaintiffs' expert disclosure date was set for April 6, 2007 and defendant's for April 27, 2007. A deadline for completion of expert depositions was set for June 1, 2007.

Depositions of five treating medical personnel have been taken through video conference at the U. S. Attorney's Office on Guam. The depositions of both plaintiffs were taken in person in Los Angeles with counsel from both sides present. No expert depositions have been taken. See, Declaration of Robert L. Keogh filed herein, paragraph 10.

The parties stipulated twice to extend their expert identification dates and Orders approving the extensions were filed on May 24, 2007 and June 22, 2007. The June 22, 2007 Order

extended the plaintiffs' expert identification date to July 25, 2007, and defendant's expert identification date to August 8, 2007. Neither Order did anything with respect to the expert deposition completion date which remains as June 1, 2007.

The parties have agreed upon a schedule for taking expert depositions including stateside travel dates. The ability to take depositions at this point after the cut-off dates have passed and any schedule for taking such depositions is subject to the approval of the Court.

**III. ARGUMENT**

**A.  A PROTECTIVE ORDER SHOULD BE ISSUED PERTAINING TO EXPERT DEPOSITIONS.**

Plaintiffs submit that the issue of taking expert depositions can be resolved in only one of two possible ways. One the parties agree to a mutually acceptable schedule subject to the Court's approval, or two the Court can directly issue an Order. The 9th circuit has held that District Courts do have the power to prescribe time limits for conducting discovery and that if a party believes that discovery activity outside a discovery cutoff date is improper, the proper course to take is to seek a Protective Order. <u>Whittaker corp. v. Execair Corp.</u> 736 F.2d 1341, 1347 (9th Cir. 1984).

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court has the power to set a schedule for pre-trial activities including discovery and motion cutoff dates. In <u>Matrix Motor Co. Inc. v Toyota Jidosha Kabushiki Kaisha</u>, 218 F.R.D. 667 (C.D. Cal. 2003), the court held that to amend or alter a Scheduling Order the moving party must show "good cause," which is a "close correlate of extraordinary circumstances." <u>Id</u>. at 674, citing <u>Johnson v. Mammoth Recreations, Inc.</u> 975 F.2d 604, 610 (9th Cir. 1992).

It is well established that parties are bound by their pre-trial stipulations and the acts of their counsel. See, <u>Matrix Motor Co. Inc. v Toyota Jidosha Kabushiki Kaisha</u>, supra at 672; <u>U.S. Aluminum Corp./Texas v. Alumax, Inc.</u>, 831 F.2d 878, 880 (9th Cir. 1987)("Ordinarily courts are bound by the stipulations of the parties."); and <u>Ganske v. Traders Ins. Co., 936 F.2d 577</u> (9th Cir 1991)(parties are bound by their pre-trial stipulations).

The parties stipulated to extend the expert identification date in the Scheduling Order because the government was unable to procure the attendance of an important fact witness who is a Navy physician. The expert discovery date was not addressed. The expert discovery date has passed. The only way for the parties to now be able to take expert depositions is with the court's approval, either by way of Stipulation and Order, or by Motion and Order.

- 4 -

Plaintiffs request the Court issue an Order providing for one of two outcomes. First, the Court could Order that the expert discovery deadline has passed and good cause has not been shown to justify altering the date. Accordingly, no further depositions are to take place and the parties should focus their attention on preparing for the November 5, 2007 trial.

Second, alternatively the Court could open the expert discovery date and permit the depositions of experts pursuant to the schedule agreed upon by the parties or pursuant to another schedule set by the Court. Either result would be fair under the circumstances presented and would be acceptable to plaintiffs.

**B.  A PROTECTIVE ORDER SETTING A DEPOSITION PROTOCOL SHOULD BE ISSUED.**

Rule 30(d)(1) of the Federal rules of Civil Procedure states:

> (1) Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

During prior depositions taken in this case counsel for defendant repeatedly violated the proscriptions of Rule 30(d)(1). During one 49 page stretch of the deposition of Dr. Douglas Duncan two separate counsel for defendant made 79 separate objections. See, Declaration of Robert L. Keogh, Exhibit A.

- 5 -

In Re Stratosphere Corporation Securities Litigation, 182 F.R.D. 614 (D. Nev. 1998) is a case which is of particular help in addressing this issue. In Stratosphere, the plaintiff brought a motion to establish a deposition protocol in order to "avoid the wasted time and circus-like atmosphere they endured" in a prior bankruptcy claims proceeding. Id. at 616. To ensure the orderly progress of discovery and to avoid conflict and dispute, the court established a "deposition protocol" pertaining to further discovery.

One of the complaints of the plaintiff addressed by the Stratosphere court was with respect to "speaking objections," which is a term used to describe objections that are argumentative and suggest an answer to the witness. In establishing the protocol the court specifically prohibited such tactics.

> This Court can find no better or more succinct definition or description of what is and what is not a valid deposition objection than that found in Rule 30(d)(1): "Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner."

Id. at 617. The court went on to hold that,

> If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial.... Where there are questions during a deposition which are objectionable, "the examination shall proceed with the testimony being taken subject to the objections." Fed.R.Civ.P 30(c). A party may object to an irrelevant

- 6 -

> line of question, but instructing a witness not to answer a question because it calls for inadmissable facts is sanctionable....However, counsel should avoid the prohibited practice of engaging in so-called **Rambo tactics** where counsel attacks or objects to every question posed, thus **interfering with, or even preventing, the elicitation of any meaningful testimony and disrupting the orderly flow of the deposition.**

Id. at 618-619, (citations omitted, emphasis supplied).

A reading of the excerpts from the Deposition of Douglas Duncan demonstrates how defendant engaged in the "Rambo tactics" condemned by the <u>Stratosphere</u> court. The two lawyers present for the one defendant repeatedly objected one after another in a fiercely argumentative manner, suggesting answers to the witness which suggestions the witness frequently picked up on and incorporated into his answer. In one 49 page stretch of testimony defendants objected or interrupted the deposition questioning some 79 times. Obtaining meaningful and orderly testimony from Dr. Duncan was interfered with and even prevented by these tactics.

If additional depositions are going to be allowed by the Court in this proceeding, plaintiffs request that a deposition protocol be established as was done in the <u>Stratosphere</u> case, requiring strict adherence to the proscriptions of Rule 30 of the Federal Rules of Civil Procedure. Any further violations of the requirements should be subject to sanctions.

- 7 -

Case 1:06-cv-00008    Document 22    Filed 08/10/2007    Page 7 of 8

Rule 30(c) provides that examination and cross-examination of witnesses at depositions are to proceed as they would at a trial under the Federal Rules of Evidence. The type of behavior demonstrated by defendant's counsel at the Duncan deposition would never be tolerated at a trial. It should not be permitted to continue unchecked at future depositions.

## IV. CONCLUSION

For the foregoing reasons, a Protective Order should be issued with respect to the further taking of expert deposition. Either they should be precluded since the applicable deadlines have passed, or alternatively they should be permitted pursuant to an agreed upon schedule or under conditions set by the Court. Furthermore, if additional depositions are to take place the Court should establish a protocol to assure that the requirements of Rule 30 of the Federal Rules of Civil Procedure are strictly complied with or sanctions will issue.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: 8/8/07

By: _____
ROBERT L. KEOGH