ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Asst. U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagatna, Guam 96910
Telephone: (671) 472-7332
Fax: (671) 472-7215

FILED
DISTRICT COURT OF GUAM

AUG 1 5 2007

JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>    Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL CASE NO. 06-00008<br><br>**UNITED STATES RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND IN THE ALTERNATIVE TO ESTABLISH DEPOSITION PROTOCOL** |

The United States is opposed to Plaintiff's Request For A Protective Order.

The United States produced its one medical expert opinion to the Plaintiff on May 21, 2007. Plaintiff, by stipulation and order of the Court, was allowed until July 25, 2007, to file his expert's opinion. On July 24, 2007, Plaintiff filed three expert witness reports, two medical experts and an economist. The United States then filed a rebuttal to the economist on August 8, 2007.

Of course, the depositions of expert witnesses must take place after the submission of the reports.

The parties have agreed to the following schedule for the taking of expert witness depositions:

1. Dr. Gary Towle, San Francisco, California, Sunday, August 26, 2007, at 8:00 a.m.

2. Dr. Michael Meriwether, Sarasota, Florida, Friday, September 7, 2007, 8:00 a.m.

3. Dr. John Steele, Guam, before September 30, 2007.

4. Gary Hiles, Guam, before September 30, 2007, to take place on a Saturday.

5. Dr. Laura Taylor, Portland, OR, Honolulu, HI or Guam, in person or via video teleconference, before September 30, 2007.

The United States would request that the Court allow for the depositions as agreed to by the parties.

Plaintiff further argues that the Court must issue a protective order. The United States disagrees.

Plaintiff's attorney's complaints stem from a situation in which he and AUSA Schwab were in the room together and the fact witness (a physician that treated the Plaintiff at the end of August, 2004 at the Naval Hospital) and the SAUSA (who is also a DOD agency counsel) were on the other side of a VTC (Video TeleConference) screen. Plaintiff complains that both attorneys made objections after he had repeatedly (Plaintiff claims 79 times) asked for expert conclusions from the fact witness. This took place during the last hour of the second deposition

2

of Dr. Duncan. The attempts to lure the witness into a violation of 32 C.F.R. §97.6(e), which prohibits DOD employees from giving opinion or expert testimony, were appropriately objected to. The individual branches of the Armed Forces each have a specific DOD regulation prohibiting the same. Federal regulations take on the character of law. State v. Alaska Land Title Ass'n, 667 P.2d 714, 725 (Alaska 1983), cert. denied 464 U.S. 1040 (1984).

The United States is not asking for a protective order because all of the depositions of fact witnesses are completed. Also, although obliged to object to the blatant violation of law, the attorneys for the United States believes that the repeated questions did not further Plaintiff's theory of the case, which is that the clinic somehow fell below the accepted standard of care, and did not stop the witness from answering the question each time it was asked.

Plaintiff may be unaware of how accusatory his tone is in dealing with witnesses (and counsel for that matter). Dr. Duncan stated in his second deposition on June 30, 2007, "If you'd like to ask me respectfully these types of questions, I'll -- be easier for me to answer." When this is combined with Plaintiff's insistence on repeatedly asking for expert conclusions from fact witnesses, there will be an objection. Again, the witness did give an answer (often repeated) each time.

The United States does not anticipate the situation recurring in any of the expert depositions because Plaintiff will be able to ask for expert conclusions when questioning experts. Only expert depositions are remaining. Also, the United States can agree to object through one attorney on all matters and the Plaintiff can agree to allow counsel to easily go off record to discuss, via the video teleconference, matters (such as the agency regulations) which would ordinarily be communicated in low tones or by notes if the parties were in the same room.

//

3

Simple courtesy works to the benefit of all the participants.

Respectfully submitted this 15th day of August, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: /s/ MIKEL W. SCHWAB
MIKEL W. SCHWAB
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I, FRANCES B. LEON GUERRERO, Legal Assistant, working in the U.S. Attorney's Office, in the District of Guam, hereby certify that a copy of the " United States Response to Plaintiffs' Motion For Protective Order and In The Alternative To Establish Deposition Protocol", Civil Case No. 06-00008, <u>Deborah K. Rutledge, et al v. United States</u>, was served by personal service to the following:

Robert L. Keogh
Angela Flores Building
Suite 105, 243 Martyr Street
Hagatna, Guam 96910

Dated: August 15, 2007

*/s/ Frances B. Leon Guerrero*
FRANCES B. LEON-GUERRERO
Legal Assistant