1

2

3

4

5

6                              DISTRICT COURT OF GUAM

7                                  TERRITORY OF GUAM

8

9    DEBORAH K. RUTLEDGE and
                                                    Civil Case No. 06-00008
10   THOMAS R. RUTLEDGE,

11          Plaintiffs,                              ORDER

12                vs.

13   UNITED STATES OF AMERICA,

14          Defendant.

15

16          Plaintiffs have filed a Motion for a Protective Order in which they seek to extend the

17   deadline for deposition of expert witnesses and at the same time setting a deposition protocol

18   with respect to the expert depositions.  Defendant has filed an opposition to the protective

19   motion but concurs with Plaintiffs' request to extend the deadline for expert depositions.

20   Having reviewed the motion and the pleadings accompanying the motion and further reviewing

21   Defendant's opposition, the court issues the following Order.

22          A.      Extension of Deadline for Deposition of Expert Witnesses

23          Plaintiffs have asked the Court to extend the deadline for the deposition of expert

24   witnesses.  The Court has previously extended the deadline for identification of the parties

25   experts without extending the deadline for depositions.  The Court finds there are meritorious

26   grounds for extending the deadline for the taking of expert depositions.  The Court further

27   notes that parties are in agreement that such deadline be extended pursuant to their scheduling

28

1   agreement with respect to when such witnesses are to be deposed.  Currently five witnesses are

2   scheduled for depositions commencing August 26 with the final witness to be deposed by

3   September 30.  The Court therefore extends the deadline for expert witness depositions to

4   September 30, 2007.

5           B.  <u>Motion for Protective Order</u>.

6           Plaintiffs have asked the Court to impose a protective order in the upcoming expert

7   depositions by setting a deposition protocol.  This request stems from the incidences which

8   occurred in the video teleconference deposition of Dr. Douglas Duncan on Saturday, June 30,

9   2007 at 5:26 a.m. at the U.S. Attorney's Office in Hagatna.  Therein, Defendant's two attorneys

10   (one sitting with Plaintiffs' counsel in the Hagatna Office and the other, a DOD agency

11   counsel, on the other side of a VTC Video Teleconference screen) interjected 79 objections

12   which Plaintiffs allege were designed to illicit an answer parroting the objections raised by

13   Defendant's attorneys.  Furthermore, the objections violated Rule 30(d)(1) because they were

14   non-concise, argumentative and suggestive of an answer.  Plaintiffs further allege that

15   Defendant engaged in unprofessional and uncivil behavior towards Plaintiffs' counsel during

16   the said deposition.

17           Plaintiffs request that in future depositions only one Defendant attorney be allowed to

18   make objections and that Defendant be admonished not to engage in the gangland tactics

19   employed by Defendant at the Duncan deposition.  Thus, Plaintiffs request a protective order to

20   prevent the occurrence of conduct by Defendant at future depositions similar to Defendant's

21   conduct at the Duncan deposition.

22           Defendant opposes the issuance of a protective order.

23           Defendant argues that the conduct and objections made by its attorneys at the Duncan

24   deposition were proper and interposed to prevent the deponent who was a fact witness from

25   violating 32 C.F.R. §96.6(e) which prohibits DOD employees from giving opinion or expert

26   testimony.  Moreover, objections were necessary to prevent the deponent from giving opinions

27   on issues which he did not deal directly with in the care of the Plaintiffs.

28

Finally, Defendant states that all depositions of fact witnesses have been completed and there could no longer be a basis for an objection based upon a violation of the stated federal regulation.

While opposing the motion, Defendant has agreed with Plaintiffs that in future depositions all objections will be made solely by one counsel, avoiding the scenario in the Duncan deposition of having two attorneys for Defendant making objections to the same question at the same time.

Defendant has also accused Plaintiffs' counsel of being accusatory in tone with the witness in the Duncan deposition and Defendant's counsel and has asked that Plaintiffs' counsel be more courteous in future depositions.

Having reviewed Plaintiffs' motion and its accompanying papers and having reviewed the government's opposition, the Court will grant the said motion. The Court regards Plaintiffs' motion as basically one asking the Court to order that future deposition conduct be pursuant to the confines of Rule 30(d)(1). The Court thus orders the parties to comply with Rule 30(d)(1) and emphasizes that all objections be **stated concisely and in a non-argumentative and non-suggestive manner.**

Furthermore, objections should be made only after a question has been fully stated. Defendant's objections in the Duncan deposition appear to be proper. But even though proper, it becomes violative of Rule 30(d)(1) if not stated concisely, if argumentative and suggestive of an answer.

With regard to Plaintiffs' requests, the Court notes that Defendant has already agreed to limit objections which are to be made to one Defendant attorney and the Court is satisfied this concession by Defendant will alleviate some of the problems encountered in the Duncan deposition. Thus, Plaintiffs' counsel will deal solely with one attorney with respect to any and all objections.

In reading the Duncan deposition transcript, the Court sensed an adversarial atmosphere lacking courtesy and respect among counsel. The Court therefore advises the parties to be

Page 3 of  4

<u>Rutledge, et. al. vs. United States of America</u>, Civil Case No. 06-00008

Order: Re Motion for Protective Order

1   more courteous and respectful of each other in future depositions and to extend the same

2   courtesy and respect to the witnesses as well.

3        SO ORDERED this 17th day of August, 2007.

 **/s/ Joaquin V.E. Manibusan, Jr.**
                        **U.S. Magistrate Judge**

Page 4 of  4