1

2   LAW OFFICE OF
    **ROBERT L. KEOGH**
3        POST OFFICE BOX GZ
         HAGATÑA, GUAM 96932
         TELEPHONE (671) 472-6895
4
    Attorneys for Plaintiffs
5

6

7

8   DEBORAH K. RUTLEDGE and THOMAS
    R. RUTLEDGE,
9

10       vs.

11  UNITED STATES OF AMERICA,

12       Defendant.

13





JAN 1 0 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

                              CIVIL CASE NO. CIV06-00008

         Plaintiffs,

14

15

16

17        MEMORANDUM OF POINTS AND AUTHORITIES

18    IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE

19      TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF

20         DR. MICHAEL MERIWETHER AT TRIAL

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . ii

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . 1

**II. BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . 1

**III. ARGUMENT**

    **A.** <u>**The court has authority and discretion to exclude defendant's medical expert from testifying at trial**</u> . . . . . . . . . . . . . . . . . 3

    **B.** <u>**Defendant's medical expert fails to pass the Daubert test of relevance and reliability**</u> . . . . . . 5

    **C.** <u>**The Meriwether report does not contain a complete statement of all opinions to be expressed and the basis and reasons therefor as required by Rule 26(a)(2)(B)**</u> . . . . . . . . . . 10

    **D.** <u>**Dr. Meriwether is the wrong expert for this case**</u> . . . . . . . . . . . . . . . . . . . . . . 15

    **E.** <u>**Alternatively, Dr. Meriwether's testimony at trial should be limited to the contents of his report**</u> . . . . . . . . . . . . . . . . . . . . 18

**IV. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . 20

Case 1:06-cv-00008    Document 39    Filed 01/10/2008    Page 2 of 24

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

Ascher v. Target Corp.,
____F. Supp. 2d __, 2007 WL 328744 at *7 (E.D.N.Y. 2007) . . . 8

Bobacher v. Wacker USA Corp.,
110 Fed Appx. 842, 2004 WL 2315182 (9th Cir. 2004) . . . . . 17

Bynum v. Magno,
125 F. Supp. 2d 1249, 1258 (D. Haw. 2000) . . . . . . . . . . 1

Cabrera v. Cordis Corp.,
134 F. 3d 1418, 1422 (9th Cir. 1998) . . . . . . . . . . . . 18

Cleveland v. United States,
457 F. 3d 397 (5th Cir. 2006) . . . . . . . . . . . . . . . 18

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) . . . . . 4

Dow Chemical Co. v. Mee Industries, Inc.,
341 F.3d 1370, 1379 (Fed. Cir. 2003) . . . . . . . . . . . 19

Guam United Warehouse Corp. v. Dewitt
Transportation Services of Guam, Inc.,
2003 Guam 20 . . . . . . . . . . . . . . . . . . . . . . . 13

Guidroz-Brault v. Missouri Pacific R. Co.,
254 F.3d 825, 829 (9th Cir. 2001) . . . . . . . . . . . . . 9

Hemmings v. Tidyman's, Inc.,
285 F.3d 1174, 1184 (9th Cir. 2002) . . . . . . . . . . . . 9

Honeywell International, Inc. v. Universal
Avionics Systems Corp.,
289 F. Supp 2d 493, 500 (D. Del. 2003) . . . . . . . . . . 19

Honeywell International, Inc. v. Universal
Avionics Systems Corp., 488 F.3d 982, 995 (Fed. Cir. 2007) . 19

Jacobsen v. Deseret Book Co.,
287 F.3d 936 (10th Cir. 2002) . . . . . . . . . . . . . 12, 14

Klaczak v. Consolidated Medical Transport, Inc.,
2005 WL 1564981 (N.D. Ill. 2005) . . . . . . . . . . . . . 19

Kumho Tire Co. Ltd. v. Carmichael,
526 U.S. 137, 119 S.Ct. 1167, 143 L. Ed. 2d 238 (1999)  . . . . 4

Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo
Y Beneficiencia de Puerto Rico,
248 F.3d 29, 34 (1st Cir. 2001) . . . . . . . . . . . . . . . . 4

Salgado v. General Motors Corporation,
150 F.3d 735, 742 N. 6 (7th Cir. 1998)   . . . . . . . 12, 13, 19

Silong v. United States,
2007 WL 1712100 (E.D. Cal. 2007)   . . . . . . . . . . . . 19, 20

Sylla-Sawdon v. Uniroyal Goodrich Tire Co.,
47 F.3d 277, 284 (8th Cir. 1995)   . . . . . . . . . . . . . . 12

Thomas v. Evenflo Co. Inc.,
205 Fed. Appx. 768, 772 (11th Cir. 2006)   . . . . . . . . . . 18

Whisnant v. United States,
71 Fed. R. Evid. Serv. 551,
2006 WL 2927732 (W.D. Wash. 2006) . . . . . . . . . . . . 17, 18

United Phosphorus, Ltd. v. Midland Fumigant, Inc.,
173 F.R.D. 675 (D.Kan. 1997)   . . . . . . . . . . . . . . . 7, 8

Voda v. Cordis Corp.,
506 F. Supp. 2d 868, 881 (W.D. Okla. 2007)   . . . . . . . . . 20

Yeti by Molly v. Deckers Outdoor Corp.,
259 F.3d 1101, 1106 (9th Cir. 2001) . . . . . . . . . . . . 4, 12

## Rules

Federal Rules of Civil Procedure 26(a)(2) . . . 1, 3, 10, 11, 18

Federal Rules of Civil Procedure 37(c)(1) . . 1, 3, 4, 11, 15, 19

Federal Rules of Evidence 702 . . . . . . . . . . . . . 1, 4, 9

-iii-

## I. INTRODUCTION

Plaintiffs bring this motion In Limine to exclude the testimony of defendant's medical expert, Dr. Michael Meriwether, or in the alternative for an Order limiting Dr. Meriwether's testimony to what is stated in his expert report. The motion is brought pursuant to F.R.Civ.P. 26(a), and 37(c)(1), and Rule 702 of the Federal Rules of Evidence, and is based upon the record herein and the Declaration of Robert L. Keogh filed herewith.

## II. BACKGROUND

This case is a medical malpractice action. Plaintiffs allege in their complaint that while under the care and treatment of the healthcare professionals at the Andersen Air Force Base Medical Clinic, Mrs. Deborah Rutledge's emergent condition of Cauda Equina Syndrome was repeatedly mis-diagnosed and the delay in the proper diagnosis caused her irreparable harm. To prevail in a medical malpractice action, plaintiffs must prove: (1) a healthcare professional's duty and standard of care; (2) defendant's negligent breach of that duty; and (3) a proximate causal connection between the negligent conduct and the resulting injury. <u>Bynum v. Magno</u>, 125 F. Supp. 2d 1249, 1258 (D. Haw. 2000).

During discovery, the depositions of eight (8) fact witnesses and five (5) expert witnesses have been taken. Timely expert reports were also exchanged by the parties. They are as follows:

1. 09/06/06, deposition of Steven D. Rau, treating Physician Assistant (fact witness);

- 1 -

2. 10/19/06, expert report of Dr. John Steele, neurologist (plaintiffs' medical expert);

3. 11/02/06, deposition of Natalie Giscombe, treating Nurse Practitioner (fact witness);

4. 11/18/06, deposition of James Leon Jablonski, M.D., Chief of Medical Services of AAFB Clinic (fact witness);

5. 01/10/07, deposition of Deborah K. Rutledge, plaintiff (fact witness);

6. 01/10/07, deposition of Thomas R. Rutledge, plaintiff (fact witness);

7. 03/01/07, deposition of Joseph Orchowski, M.D., orthopedic surgeon, Tripler Army Medical Center, Honolulu, Hawaii (fact witness);

8. 05/21/07, expert report of Dr. Michael Meriwether, neurosurgeon (defendant's medical expert);

9. 05/22/07, deposition of Hugh McSwain, M.D., interpreting radiologist, Guam Naval Hospital (fact witness);

10. 6/20/07 and 6/30/07, deposition of Douglas Duncan, M.D.,, treating orthopedist, Guam Naval Hospital (fact witness);

11. 07/24/07, expert report of Dr. Gary Towle, Board Certified in Emergency Medicine (plaintiff's medical expert);

12. 7/24/07 supplemental expert report of Dr. John Steele, Neurologist(plaintiffs' medical expert);

13. 7/25/07 expert report of Gary Hiles (plaintiffs' expert economist);

14. 8/8/07 expert report of Laura J. Taylor (defendant's economist);

15. 08/26/07, deposition of Gary M. Towle, M.D., plaintiffs' medical expert witness;

16. 09/07/07, deposition of Michael W. Meriwether, M.D., defendant's medical expert witness;

17. 9/25/07 and 9/26/07, depositions of John C. Steele, M.D., plaintiffs' medical expert witness;

18. 9/29/07, deposition of Gary Hiles, plaintiffs' economist exert witness; and

- 2 -

19. 10/04/07, deposition of Laura J. Taylor, Ph.D., defendant's economist expert witness.

At the deposition of defendant's medical expert witness, Dr. Michael Meriwether, plaintiffs learned for the first time that defendant will likely attempt to introduce additional evidence beyond that contained in Dr. Meriwether's expert report. Plaintiffs move to exclude altogether the testimony of defendant's expert, Dr. Michael Meriwether, for the reasons set forth below.

## III. ARGUMENT

### A. The court has authority and discretion to exclude defendant's medical expert from testifying at trial.

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the pre-trial disclosure of expert testimony which states that the expert disclosure is to be accompanied by a written report that, among other things, "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor and the data and other information considered by the witness in forming the opinions." Concomitantly, Rule 37(c)(1) provides sanctions for a party who fails to comply with the requirements of Rule 26(a) by not allowing that party "to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The Ninth Circuit stated that "we give particularly wide latitude to the district court's discretion to issue sanctions

- 3 -

under Rule 37(c)(1)." <u>Yeti by Molly v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001), (citing <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico</u>, 248 F.3d 29, 34 (1st Cir. 2001). In <u>Ortiz-Lopez</u>, the court upheld the sanction of striking the plaintiff's expert even though as a result his entire cause of action was precluded. <u>Ortiz-Lopez</u>, 248 F.3d at 35 (although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1).)

Furthermore, Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Rule 702 permits testimony by experts who are qualified by "knowledge, skill, expertise, training, or education" to present evidence "in the form of an opinion or otherwise" if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods and (3) the witness has applied the principles and methods reliably to the facts of the case."

In interpreting Rule 702, the Supreme Court in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), charged trial judges with the responsibility of acting as "gatekeepers" to "ensure that any and all scientific testimony...is not only relevant, but reliable." <u>Id</u>. at 509 U.S. 589. In <u>Kumho Tire Co. Ltd. v. Carmichael</u>, 526 U.S. 137, 119 S.Ct. 1167, 143 L. Ed. 2d 238 (1999), the Supreme

- 4 -

Court further clarified that this gatekeeping function applies to all expert testimony, not just expert testimony based on science.

Based upon considerable Supreme Court and Ninth Circuit authority, this Court has the authority and discretion to strike expert testimony if it does not comply with the requirements of the Rules of Civil Procedure and/or the Rules of Evidence. As will be shown hereinafter striking the testimony of defendant's proposed medical expert is justified and appropriate in this case.

**B.    Defendant's medical expert fails to pass the Daubert test of relevance and reliability.**

The expert report of Dr. Michael Meriwether submitted by defendant on May 21, 2007[1] states that the documents he reviewed in preparation of his report were the following:

1.    Deposition of Deborah Rutledge (January 10, 2007)

2.    Deposition of Thomas Rutledge (January 10, 2007)

3.    Deposition of Dr. James L. Jablonski (November 18, 2006)

4.    Records of Andersen Air force Base Clinic (July 27 - August 27, 2004)

5.    Records of Naval Regional Medical Center Guam (August 27, 2004)

6.    Records of Tripler Army Hospital, Honolulu, HI (August 27, 2004 - August 29, 2005)

Dr. Meriwether based his entire expert report on the

---

[1] Dr. Meriwether's report is undated and at his deposition he was unable to state when it was completed. See Meriwether deposition transcript, p. 19.

- 5 -

depositions of only 3 of the 8 fact witnesses taken in this case. Of those 3 depositions he reviewed, one was the deposition transcript of Dr. James Leon Jablonski, the Chief of Medical Services of AAFB Clinic who never treated Mrs. Rutledge, and the other two depositions were of plaintiffs, Mr. and Mrs. Rutledge.

During his deposition, Dr. Meriwether confirmed that he did not review or take into consideration, prior to the preparation of his expert report, the deposition transcript of Captain Steven D. Rau, the Physician Assistant who treated Deborah Rutledge at the AAFB Clinic on August 2, 2004 nor the deposition transcript of Major Natalie Giscombe, the Adult Nurse Practitioner who treated Deborah Rutledge at the AAFB Clinic on July 27, 2004 and August 17, 2004. The negligent acts and omissions of these two key fact witnesses are the very basis of Deborah Rutledge's medical malpractice case.

Dr. Meriwether further admitted during his deposition that prior to the preparation of his expert report he had not reviewed the deposition transcripts of Dr. Joseph Orchowski, the Tripler Hospital orthopedic surgeon who performed the back surgery on Mrs. Rutledge, Dr. Hugh McSwain, the radiologist who read the August 2, 2004 x-ray of Mrs. Rutledge, or the two separate deposition transcripts of Dr. Douglas Duncan, the Guam Naval Hospital orthopedist who first diagnosed Deborah Rutledge with long standing Cauda Equina Syndrome on August 27, 2004. Dr. Meriwether further

- 6 -

revealed at his deposition that prior to the preparation of his expert report he had not reviewed the two expert reports of Dr. John Steele or the expert report of Dr. Gary Towle, plaintiffs' two medical experts. Dr. Meriwether also revealed during his deposition that prior to the preparation of his expert report he had not reviewed any medical records of Deborah Rutledge after August 29, 2005.[2]

Dr. Meriwether's failure to read and take into consideration the deposition transcripts of all the treating physicians, plaintiff's expert reports, and medical records of Deborah Rutledge after August 29, 2005 before pronouncing his conclusions in his report, violates fundamental principles of science and <u>Daubert's</u> requirements. In <u>United Phosphorus, Ltd. v. Midland Fumigant, Inc.</u>, 173 F.R.D. 675 (D.Kan. 1997), the court ruled that an expert who did not read a majority of the depositions before rendering his report fails the <u>Daubert</u> requirement that an expert report must be based on "scientific knowledge" stating:

> Hoyt did not read any of the depositions (notably of Fox, Lynn, or Estes) before he rendered his report. Consequently, he was required to evaluate the Quick-Phos trademark with little knowledge about the facts of the case, and no knowledge about the underlying admissions from Midland's president and sales managers. The court finds that such ignorance of undisputed facts violates *Daubert's* requirement that an expert report and opinions must be based on "scientific knowledge."

---

[2] The testimony of Dr. Meriwether on these matters is found on pages 23 through 28 of his deposition transcript.

United Phosphorus, Ltd. v. Midland Fumigant, Inc., 173 F.R.D. at 683. See also, Ascher v. Target Corp., __ F. Supp. 2d __, 2007 WL 328744 at *7 (E.D.N.Y. 2007)(expert's failure to read deposition transcript "fatally undermines his expert 'opinion' since his analysis was based upon incorrect assumptions of fact.")

Dr. Meriwether further incorrectly assumed a key element of his expert opinion. In Conclusion number 3 and Conclusion number 8 of Dr. Meriwether's expert report he states that an MRI scan, which he refers to as "the proper diagnostic tool," was not available on Guam at the time the Andersen Air Force Base Clinic failed to properly diagnose Deborah Rutledge's Cauda Equina Syndrome. This assumption was wrong and Dr. Meriwether admitted to this error at his deposition.[3]

Although Conclusions 5, 6, 7 and 8 of the Meriwether expert report address the likelihood of recovery of Deborah Rutledge from her neurological deficits resulting from her Cauda Equina Syndrome, Dr. Meriwether does not provide any basis for these conclusions. Instead, Dr. Meriwether merely makes reference to various articles that have been published on Cauda Equina Syndrome. Dr. Meriwether did not review Dr. John Steele's October 19, 2006 report where Dr. Steele discusses his neurological findings after having performed a thorough direct examination of Deborah Rutledge in New York City on June 2, 2006. Dr. Meriwether himself has never examined Mrs.

---

[3] See Meriwether transcript, pages 106-107.

- 8 -

Rutledge prior to the issuance of his Conclusions nor had he reviewed any of Deborah Rutledge's medical records past August 29, 2005. Indeed, Dr. Meriwether did not even request an opportunity to examine Mrs. Rutledge based in part on his faulty assumption that the Rutledges still lived on Guam notwithstanding the fact that it is clearly stated in the January 10, 2007 deposition transcripts, which Dr. Meriwether claims to have read, that they were currently living in Tuttle, Oklahoma.[4]

Rule 702 of the Federal Rules of Evidence requires that expert evidence must assist the trier of fact, or in other words that it be relevant and reliable. Guidroz-Brault v. Missouri Pacific R. Co., 254 F.3d 825, 829 (9th Cir. 2001). Hemmings v. Tidyman's, Inc., 285 F.3d 1174, 1184 (9th Cir. 2002)("The trial court acts as 'gatekeeper' and determines whether expert scientific testimony is sufficiently relevant and reliable to be admissible."). Dr. Meriwether's proposed testimony is unreliable. He ignored vast portions of critical evidence developed in the case. He made incorrect assumptions about essential elements of plaintiffs' case. He states several conclusions about Mrs. Rutledge's condition and prognosis for recovery without reviewing all available medical records and without ever having examined her. Dr. Meriwether's methodology clearly fails by Daubert's standards. Consequently, his testimony should be stricken pursuant to the Supreme Court's ruling in Daubert and for being irrelevant and unreliable and hence

---

[4] Declaration of Robert L. Keogh, Exhibit D.

- 9 -

unable to assist the trier of fact in accordance with Evidence Rule 702.

### C. **The Meriwether report does not contain a complete statement of all opinions to be expressed and the basis and reasons therefor as required by Rule 26(a)(2)(B).**

Plaintiffs have every reason to suspect that defendant will attempt to introduce additional evidence at trial beyond that contained in the Meriwether report. Throughout Dr. Meriwether's deposition he states that it is his intention to testify at trial about matters and give opinions that are not contained in his expert report. At other times in his deposition he volunteers opinions on issues not addressed in his report. For example, on pages 46-47, after a discussion on whether Dr. Meriwether intends to testify about standard of care issues, the following colloquy occurs.

> Q.   All right.  Where is that contained in your report?
>
> A.   It's just around the edges.  You have to read between the lines, counsel.

After further discussion on standard of care testimony on deposition page 50 Dr. Meriwether is again asked,

> Q.   Where is that stated in your report, Doctor?
>
> A.   No.  It's stated right here on the record.  This is my report coming out of my mouth.
>
> Q.   Where is it stated in your written report?
>
> A.   It's not.

- 10 -

On pages 77-78 of the deposition transcript, after a lengthy discussion on treatment provided to Mrs. Rutledge at the Andersen Clinic by Nurse Practitioner Giscombe and Physician Assistant Rau, Dr. Meriwether is asked,

> Q. Where in your report is there any statement that you don't fault them for the approach that they took?
>
> A. My report to you today is...
>
> Q. No. In your written report, Doctor.
>
> A. I was not asked to render that opinion on that report. I'm rendering it today. ...
>
> Q. You're rendering it for the first time today in this deposition?
>
> A. Under oath.

On page 123-4 of the Meriwether deposition transcript the inquiry continues as follows.

> Q. You're not giving us any opinions in your report with respect to the standard of care provided to Mrs. Rutledge at the Andersen Air Force Base Clinic, correct?
>
> A. I am.
>
> Q. Where is it in your report? Can you please...
>
> A. I am giving it to you today.
>
> Q. For the first time you're giving it to me today?
>
> A. It's the first time we've met.

Rule 26(a)(2)(B) requires that an expert report contain "a complete statement of all opinions to be expressed and the basis and reasons therefor." Rule 37(c)(1) provides that non-conforming evidence is not admissible unless the disclosure failure is

- 11 -

"substantially justified" or "harmless" and the burden of proving such harmlessness is on the party faced with the sanction, i.e., the defendant here. <u>Yeti by Molly v. Deckers Outdoor Corp.</u>, supra, 259 F.3d at 1107.

In <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936 (10th Cir. 2002), in reviewing a motion to strike expert testimony the court noted that "[a]fter reviewing the expert reports, it appears likely the experts' testimony at trial will contain substantially more information than was presented in the expert reports." <u>Id</u>. at 953. Citing the Rule 26(a)(2) advisory committee notes, the court stated that the required full disclosure is necessary to allow the opposing party a reasonable opportunity to prepare for effective cross examination. The court went on to hold that prejudice resulted to the opposing party "because the expert reports did not reveal what the experts will testify to at trial." <u>Id</u>. at 954.

The fact that the opposing party elected to depose the expert witness does not excuse the failure to fully disclose opinion testimony. <u>Sylla-Sawdon v. Uniroyal Goodrich Tire Co.</u>, 47 F.3d 277, 284 (8th Cir. 1995)("The failure to comply with the Scheduling Order is not excused because Uniroyal elected to depose Kelsey."). "Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition." <u>Id</u>. <u>Salgado</u>

- 12 -

v. General Motors Corporation, 150 F.3d 735, 742 N. 6 (7th Cir. 1998), contains a detailed discussion of the need for expert full disclosure. The expert reports must be "detailed and complete," and not "sketchy, vague or preliminary in nature." Id. "The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." Id. The "trial by ambush" concept has been abolished on Guam as well. Guam United Warehouse Corp. v. Dewitt Transportation Services of Guam, Inc., 2003 Guam 20 at [48] ("trial by ambush is a thing of the past,....litigation should no longer proceed as a game of 'blind man's bluff.'")

Plaintiffs' counsel traveled from Guam to Sarasota, Florida to take the deposition of Dr. Meriwether. Throughout the deposition Dr. Meriwether testified that he had every intention to present opinions at trial that are nowhere contained in his Rule 26 written report. At various times defense counsel attempted to downplay the rule violation by suggesting the deposition is adequate substitute. See for example, Meriwether deposition transcript, pages 55-56.

Q.    Did you read Dr. Toll's (sic, Towle's) report prior to August 8, 2007?

A.    Not to the best of my memory.

Q.    So am I correct that there's nothing in the report that you provided to us that constitutes a critique of Dr. Toll's (sic, Towle's) report?

- 13 -

A.    No. That will follow.

Q.    When is that going to follow, Doctor?

A.    At trial.

Ms. Clark:    You're free to ask him about it today.    You
             can explore any opinions he has.

    In his written report Dr. Meriwether did not offer any opinion
on standard of care.  He did not offer any opinion on causation.
He did not offer any critique of the opinions of either of
plaintiffs' medical experts even though their reports were
available long before defendant's August 8, 2007 expert report
deadline.    Defendant did not seek a further extension of that
deadline if more time were needed for Dr. Meriwether to complete or
supplement his report.  Conclusions 1, 2 and 3 of Dr. Meriwether's
report only vaguely address two of the three treatment dates of
Mrs. Rutledge.  Conclusions 4, 5, 6, 7 and 8 discuss the likelihood
of Mrs. Rutledge's recovery from her neurological deficits even
though Dr. Meriwether never examined Mrs. Rutledge and did not
review any of the medical records for the past two years.

    Plaintiffs will be prejudiced if defendant's medical expert is
permitted to testify at trial.    Plaintiffs were denied an
opportunity to adequately prepare for deposing Dr. Meriwether on
the numerous opinions he omitted from his report and held back to
give either for the first time at trial or by surprise at his
deposition.    The failure to provide those opinions in the written
report alone constitutes prejudice.    Jacobsen v. Deseret Book Co.,

- 14 -

supra.  Plaintiffs were also deprived of the opportunity to have their own medical experts receive those opinions in advance of trial and formulate responses.  Rule 37(c) provides the clear and unambiguous sanction that undisclosed opinions are not permitted to be used at trial unless the omission is harmless or substantially justified.  The wholesale withholding of opinions on the key issues of this case until trial is neither harmless nor justified.

### D.    **Dr. Meriwether is the wrong expert for this case.**

Plaintiffs' claim in this case is that the medical care providers at the AAFB Clinic negligently failed to properly diagnose Deborah Rutledge's condition on three separate occasions, failed to make appropriate referrals for diagnostic and specialist care and failed to treat her within the standard of care required by law and that this negligence directly caused plaintiffs to suffer damage.  In partial support of this claim plaintiff timely served written expert reports from two doctors.

Dr. Towle is Board Certified in Emergency Medicine and actively practices in urgent care clinics in California.  Dr. Towle has provided a written opinion that there was an unacceptable delay in the diagnosis of Deborah Rutledge's Cauda Equina Syndrome, that the care provided by Nurse Practitioner Giscombe and Physician Assistant Rau fell below the standard of care and that these failures caused plaintiffs damage.  An additional concern expressed by Dr. Towle in his report is that, "It would appear from the

- 15 -

review of the available materials that neither Captain Rau nor Major Giscombe identified themselves as midlevel providers. It is standard procedure for midlevels to make it clear to patients that they are not physicians."[5]

Dr. Steele is a renowned neurologist who examined Mrs. Rutledge and has provided two written opinions quantifying Mrs. Rutledge's disability resulting from the failures of the AAFB Clinic and that had the Cauda Equina Syndrome been properly diagnosed by the Clinic on the various opportunities they had Mrs. Rutledge would not be suffering any deficit today.[6]

Mrs. Rutledge has not presented any complaint about the proper diagnosis of Cauda Equina Syndrome she received at the Guam Naval Hospital or with respect to the back surgery performed at the Tripler Army Hospital in Honolulu once she was finally seen there. Indeed, there is no neurosurgical issue involved in this case. The negligence complained of concerns solely the urgent care provided at the Andersen Air Force Base Medical Clinic.

Dr. Meriwether is a retired Board Certified neurosurgeon.[7] He is not Board certified in Emergency Medicine. Indeed, he does not

---

[5] Declaration of Robert L. Keogh, Exhibit E.

[6] Declaration of Robert L. Keogh, Exhibit F and G.

[7] Meriwether deposition transcript pp. 81, 82, 84, 85.

- 16 -

even know that there is Board Certification in Emergency Medicine.[8]
He is not giving an opinion on standard of care at the Andersen
Clinic or standard of care pertaining to Nurse Practitioners and/or
Physician Assistants.[9]  He has not presented a disability rating
for Deborah Rutledge and admits that he does not do disability
ratings in his practice and is not qualified to do so.[10]

Dr. Meriwether's sole area of expertise is in neurosurgery.
His practice has only been in neurosurgery, all his professional
memberships pertain to neurosurgery and all writings he has
authored have been in the field of neurosurgery.[11]  Whatever
opinions Dr. Meriwether might have are irrelevant and of no
probative value because there is no neurosurgery issue presented in
this case.

A District Court has broad latitude in determining the
reliability of proposed expert testimony and whether to exclude it
at trial.  Bobacher v. Wacker USA Corp., 110 Fed Appx. 842, 2004 WL
2315182 (9th Cir. 2004).  If an expert lacks the qualifications to
render an opinion on a particular issue his testimony is excludable
as unreliable under Evidence Rule 702.  Whisnant v. United States,

---

[8] Meriwether deposition transcript pp. 90-91.

[9] Meriwether deposition transcript pp. 45, 52.

[10] Meriwether deposition transcript pp. 91-92.

[11] Meriwether deposition transcript pp. 93-103.

- 17 -

71 Fed. R. Evid. Serv. 551, 2006 WL 2927732 (W.D. Wash. 2006).
"Due to the powerful and potentially misleading effect of expert
evidence," to be admissible the proposed expert testimony must have
probative value with respect to a trial issue. <u>Thomas v. Evenflo
Co. Inc.</u>, 205 Fed. Appx. 768, 772 (11th Cir. 2006), <u>Cabrera v.
Cordis Corp.</u>, 134 F. 3d 1418, 1422 (9th Cir. 1998)("we conclude that
the district court did not abuse its discretion in excluding it,
because its probative value was outweighed by the waste of time
that would be involved."). <u>Cleveland v. United States</u>, 457 F. 3d
397 (5th Cir. 2006)(expert in internal medicine precluded from
giving testimony about standard of care in an emergency room.)

Dr. Meriwether's proposed testimony has no probative value
because it would be seeking to give opinions on issues on which Dr.
Meriwether is not qualified to testify. Accordingly, in addition
to the Rule 26(a)(2) violations and its failure to pass muster
under <u>Daubert</u>, defendant's proposed medical expert testimony should
also be excluded because it has no probative value on the essential
issues of this case.

**E. Alternatively, Dr. Meriwether's testimony at trial should
be limited to the contents of his report**.

Plaintiffs submit that the exclusion of Dr. Meriwether's
testimony altogether is justified by the circumstances presented
here. In the alternative, in the event the court chooses to allow
Dr. Meriwether to testify, at the very least his testimony should

- 18 -

be strictly limited to the specific opinions contained in his expert report. <u>Salgado v. General Motors Corp.</u>, supra, 150 F.3d at 742 N.6 ("If the expert's report contains only incomplete opinions, the court may choose to restrict the expert's testimony to those opinions alone."); <u>Klaczak v. Consolidated Medical Transport, Inc.</u>, 2005 WL 1564981 (N.D. Ill. 2005)("Neither expert...will be able to opine about subjects that are not encompassed within properly disclosed expert reports."); <u>Dow Chemical Co. v. Mee Industries, Inc.</u>, 341 F.3d 1370, 1379 (Fed. Cir. 2003)(patent infringement case where at trial court level motion in limine to limit expert testimony to matters covered in expert report was granted.); <u>Honeywell International, Inc. v. Universal Avionics Systems Corp.</u>, 289 F. Supp 2d 493, 500 (D. Del. 2003)("...the testimony of expert witnesses is limited to the information contained in their expert reports.") affirmed, <u>Honeywell International, Inc. v. Universal Avionics Systems Corp.</u>, 488 F.3d 982, 995 (Fed. Cir. 2007).

<u>Silong v. United States</u>, 2007 WL 1712100 (E.D. Cal. 2007), involved a request by the United States in a medical malpractice case to exclude the plaintiff's expert witness or in the alternative to limit the scope of the expert's testimony to the contents of his report. After analyzing the Ninth Circuit's approach to the admissibility of expert opinion testimony, the court held that "[i]n accordance with Rule 37(c)(1), the exclusion of non-disclosed evidence is mandatory. Therefore, the testimony, opinions and information provided by Dr. Edelberg is strictly

- 19 -

limited to that which is disclosed in his expert report." Accord, <u>Voda v. Cordis Corp.</u>, 506 F. Supp. 2d 868, 881 (W.D. Okla. 2007)("With respect to Dr. Hildner, the court merely limited his testimony to the opinions disclosed in his expert report. This was not error.")

Accordingly, at the very least Dr. Meriwether should be limited in his testimony at trial to the eight Conclusions contained in his expert report. He should not be permitted to give the opinions he said at his deposition he was holding back to present for the first time at trial. He should not be permitted to testify about standard of care or causation, or to critique plaintiffs' experts' reports since he did not include any such opinions or discussion in his expert report.

## IV. CONCLUSION

For the foregoing procedural and substantive reasons, defendants proposed medical expert, Dr. Michael Meriwether, should be excluded from testifying at trial, or alternatively any testimony he gives should be strictly limited to the contents of his expert report.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: _1/10/08_

By: _____
ROBERT L. KEOGH

- 20 -