LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895



JEANNE G. QUINATA
Clerk of Court

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. CIV06-00008<br><br>DECLARATION OF COUNSEL;<br>CERTIFICATE OF SERVICE |

I, ROBERT L. KEOGH, hereby declare and state that:

1. I am counsel for plaintiffs in this action, I am over 18 years of age, am competent to testify about the matters set forth herein and have personal knowledge of the matters testified about unless stated otherwise herein.

2. Attached hereto as Exhibit "A" is a true and accurate copy of the title page and page 68 of the transcript of the deposition testimony of Douglas Duncan taken on June 20, 2007.

3. Attached hereto as Exhibit "B" are true and accurate copies of the title page and pages 66 and 67 of the transcript of the deposition testimony of Gary L. Towle taken on August 26, 2007.

4. Attached hereto as Exhibit "C" are true and accurate copies of correspondence of plaintiff's counsel to defendant's counsel dated July 11, 23 and 24, 2007.

5. I declare under penalty of perjury under the laws of Guam (6 G.C.A. §4308) that the foregoing is true and correct.

Date: 1/30/08

_____
**ROBERT L. KEOGH**

### CERTIFICATE OF SERVICE

I, Robert L. Keogh, hereby certify that on the 30th day of January 2008, I caused to be served via hand delivery, a true and correct copy of this document entitled **DECLARATION OF ROBERT L. KEOGH; CERTIFICATE OF SERVICE** in the above-captioned matter upon the following office as set forth below:

Mikel W. Schwab
Assistant U. S. Attorney
District of Guam
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatña, Guam 96910

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: 1/30/08    By: _____
**ROBERT L. KEOGH**

# EXHIBIT "A"

| | |
|---|---|
| DEBORAH K. RUTLEDGE and, THOMAS RUTLEDGE,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL CASE NO. 06-00008 |

VIDEO TELECONFERENCE
DEPOSITION TRANSCRIPT

OF

# DOUGLAS DUNCAN

June 20, 2007
(Guam Time)

**COPY**

PREPARED BY:    GEORGE B. CASTRO
**DEPO RESOURCES**
#49 Anacoco Lane
Nimitz Hill Estates
Piti, Guam 96915
Tel:(671)688-DEPO * Fax:(671)472-3094

1  Q   Okay.  Do you recall whether or not
2  there was a period of time in July or August
3  2004 time frame, right after you first came to
4  Guam, that the machine was down?
5  A   I don't remember.
6  Q   Do you recall occasions where you were
7  able to have MRIs done, if you needed to have
8  them done, privately on Guam?
9  A   Sure, absolutely.  A large portion of
10 our budget went to that.
11 Q   Okay.  Help me understand what you mean
12 by that, a large portion of your budget went to
13 that.  You had specific sums of money that
14 budgeted for obtaining private MRIs?
15 A   Well, that's based on discussions with
16 administrators, not part of our personal budget
17 at the hospital.  I remember it was a point
18 that came up in meetings that it was expensive
19 to obtain MRIs on Guam, and there was some
20 discussion on how much would it cost to get our
21 own MRI machine versus a cost analysis.  But
22 that's, that's above my back road.
23 Q   All right.  But from your experience
24 when you were on Guam, if it was important for
25 you to have an MRI performed on a patient, you

# EXHIBIT "B"

```
 1            IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE TERRITORY OF GUAM
 3
 4   DEBORAH K. RUTLEDGE and THOMAS
     R. RUTLEDGE,
 5
              Plaintiffs,
 6
         vs.                             No. 06-00008
 7
     UNITED STATES OF AMERICA,
 8
              Defendant.
 9
10
11
12   _____
13
14
15        Deposition of GARY L. TOWLE, M.D., taken on behalf
16   of Defendant, at One Old Bayshore Highway, 2nd Floor,
17   Millbrae, California, beginning at 8:21 a.m. and ending
18   at 11:20 a.m., on Sunday, August 26, 2007, before GINA
19   GLANTZ, Certified Shorthand Reporter No. 9795.
20
21
22
23
24
25
```

2

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855
Case 1:06-cv-00008　　Document 53　　Filed 01/30/2008　　Page 7 of 16

       A    No.

       Q    Do you have any criticisms of the care rendered to Mrs. Rutledge August 27th, 2004, or thereafter, by Dr. Douglas Duncan?

       A    No.

       Q    Or any other provider at Naval Hospital Guam?

       A    No.

       Q    Do you have any criticisms of the care rendered to Ms. Rutledge, and I'll just say by the United States, because I actually don't know if it was a navy aircraft, air force aircraft, or whatever, but by Uncle Sam in her transport from Guam to Hawaii?

       A    No.

       Q    Okay. And once she got to Tripler Army Medical Center in Hawaii, she was under the care of Dr. Joseph Orchowski and other providers, of course. Do you have any criticisms of the care rendered at Tripler?

       A    No.

       Q    Okay. And I know you've reviewed her records from Bethesda. Do you have any criticism of the care subsequent to her surgery at Bethesda?

       A    No.

       Q    Okay. Other than the clinic visits at Naval -- or, I'm sorry, Andersen Air Force Base clinic that you've described previously, do you have any criticisms

Case 1:06-cv-00008  Document 56-RS  Filed 07/30/2008  Page 8 of 16
SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1  of the care rendered to Mrs. Rutledge by the United
2  States?
3      A   No.
4      Q   So just to funnel that down and tell you
5  exactly what I'm talking about, do you have any
6  criticisms of her care at Andersen after she came back
7  from Tripler, postop?
8      A   No.
9      Q   Okay. Now, I understand from looking at the
10 notes, that Mrs. Rutledge developed incontinence of
11 stool two days prior to presentation of to Naval
12 Hospital Guam; is that correct?
13     A   That's my recollection.
14     Q   Okay. And that would be a new finding compared
15 to what even she has described at Andersen?
16     A   Correct.
17     Q   Okay. Would it be your experience as a ER and
18 family practice physician that fecal incontinence will
19 generally get the patient to the doctor pretty quick?
20     A   Yes.
21     Q   That's one of the things that you don't see if
22 it will go away; right?
23     A   Right.
24     Q   Do you have an understanding from any source of
25 the availability of emergency services, ER, urgent care,

# EXHIBIT "C"

LAW OFFICE OF
# ROBERT L. KEOGH
SUITE 105, ANGELA FLORES BUILDING
243 MARTYR STREET
HAGATÑA, GUAM 96910
TELEPHONE (671) 472-6895 • FACSIMILE (671) 472-6929
email address: rlk@guam.net

7/11/07 *tlk*

July 11, 2007

**VIA FACSIMILE ONLY**

Mikel W. Schwab
Assistant U. S. Attorney
District of Guam
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatña, Guam 96910

> RE: **Rutledge v. United States**
> **District Court of Guam**
> **Civil Case NO. 06-00008**

Dear Mikel:

By letter dated December 11, 2006, received by your office at 3:50 p.m., I provided you with copies of the supporting documentation on Mrs. Rutledge's lost income claim. Please let me know if you are unable to locate the documents.

Our economist is based on Guam, not Sacramento. Our medical liability expert, Dr. Gary Towle, is located near Sacramento, in Fair Oaks, CA. I expect our economist to be submitting his report by the July 25, 2007 deadline.

Our office was without electricity Monday and Tuesday. We are up and functioning now. My conversations last week with Marie Chenery were not the first time I have advised you of our plan to utilize the services of an economist. I told you before the McSwain deposition in May and again before the first Duncan deposition in June. Each time your response was, "Well then we will have to get an economist too."

The week of August 27, 2007, will work for Dr. Towle's deposition in Fair Oaks. I will await receipt of your financial expert's report before deciding whether to take his or her deposition in Oregon during that same week. I prefer to take Dr. Meriwether's deposition early the following week, say September 3

or 4. Please let me know if you will make Dr. Meriwether available on one of those two dates. I will notice the deposition and provide you with the location as soon as I receive confirmation of the date. Since I will be taking the deposition I will arrange for the court reporter.

As mentioned above, Dr. Steele is not our only medical issue related expert. Dr. Towle will be submitting his report by the July 25, 2007 deadline. As I have also advised both you and Marie Chenery, we expect Dr. Steele to be submitting a supplemental report by the July 25 deadline as well. Please let me know what dates you are looking at for deposing Dr. Steele and I will inquire into his availability.

I look forward to hearing from you further on these matters.

Sincerely,

ROBERT L. KEOGH

RLK/tbm

LAW OFFICE OF
# ROBERT L. KEOGH
SUITE 105, ANGELA FLORES BUILDING
243 MARTYR STREET
HAGATÑA, GUAM 96910
TELEPHONE (671) 472-6895 • FACSIMILE (671) 472-6929
email address: rlk@guam.net

July 23, 2007

**VIA FACSIMILE ONLY
472-7215**

Mikel W. Schwab
Assistant U. S. Attorney
District of Guam
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatña, Guam 96910

> **RE: Rutledge v. United States
> District Court of Guam
> Civil Case NO. 06-00008**

Dear Mikel:

I am writing in reply to your letter dated July 18, 2007. I was out of the office on July 19, 2007, attending to personal medical matters and July 20 was a Government of Guam holiday.

I do not understand what you are proposing with respect to my letter of July 17, 2007. There was no "weak moment of lashing out" as you have suggested. Your condescension in your expressed hopes that I am feeling better now is not appreciated. My letter represents a well thought out and justified assessment of the state of our developing discovery dispute. I decline your invitation to somehow conspire to purge the record of this case by having you return my letter to me and "forget it." I stand by everything stated in my letter.

Your July 18 letter did not contain a copy of your "correspondence of July 10, 2007, in which [you] tried to make Dr. Meriwether available in Hawaii." If you are referring to a letter sent to Dr. Meriwether I would be happy to review it. The only July 10, 2007 letter I have is the one you sent to me on that date wherein you specifically proposed the taking of Dr. Meriwether's deposition **"in Tampa, FL on September 6th and 7th."** You also

proposed taking the deposition of our "financial expert" in Sacramento, CA on the way to Florida. I wrote back to you the very next day straightening out your confusion and pointing out to you that our economist is located on Guam and that it is our medical liability expert who is located in Sacramento.

It was during our telephone conversation on July 13, 2007, that you told me your deal with Dr. Meriwether included him getting a trip to Hawaii out of this case. I did not make that up. You made the statement to me. I have file notes on the conversation.

It was during that same July 13 conversation that we discussed simply subpoenaing Dr. Meriwether to appear at a deposition and you cited me to Marsh v. Jackson, 141 FRD 431 (W.D.Va. 1992) for the proposition that experts could not be subpoenaed. For what it is worth, I submit you are wrong on this issue. Any such prohibition only relates to subpoenaing the production of documents since it would circumvent the discovery process. It does not relate to compelling the personal appearance of an expert witness at a trial or deposition. See, Alper v. U. S., 190 FRD 281, 283 (D.Mass 2000).

The scheduling of expert depositions has nothing whatsoever to do with charging a personal trip to my practice and I resent your allegations on this. Since May I have been discussing with you the scheduling of expert depositions in late August and early September since I had to be on the mainland to take my son back to boarding school. Everything was on track until you balked at not conducting Dr. Meriwether's deposition in Hawaii.

You have not "shouldered all the expenses associated with the fact witness depositions." I have paid my fair share for copies of deposition transcripts. You did arrange for scheduling the appearances of the fact witnesses and it was as much in your interest to do so as it was in mine. These witnesses are employees of the United States and you have exclusive access to them. There were no "raised expectations," or any expectations other than that we are engaged in a discovery process that requires cooperation. Please recall that Mr. and Mrs. Rutledge both flew from Oklahoma to Los Angeles for the taking of their depositions so that three lawyers would not have to travel all the way to Oklahoma. Have I raised your expectations by my cooperation as well?

As I have told you on several occasions so far, the mid September and mid October dates you are now proposing for Dr. Meriwether's deposition do not work. By letters dated July 13 and

17, 2007, and email dated July 16, 2007, I advised you of my need to resolve this by July 18 or I would deem all expert depositions to be off. It has not been resolved.

If you would like to discuss this matter further please feel free to call me. At this point, however, I view discovery as being completed and we are proceeding toward trial in November.

Sincerely,

ROBERT L. KEOGH

RLK/tbm

LAW OFFICE OF
# ROBERT L. KEOGH
SUITE 105, ANGELA FLORES BUILDING
243 MARTYR STREET
HAGATÑA, GUAM 96910
TELEPHONE (671) 472-6895 • FACSIMILE (671) 472-6929
email address: rlk@guam.net

July 24, 2007

**VIA FACSIMILE ONLY**
**472-7215**

Mikel W. Schwab
Assistant U. S. Attorney
District of Guam
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatña, Guam 96910

*MC 7/24/07*

        RE:   Rutledge v. United States
               District Court of Guam
               Civil Case NO. 06-00008

Dear Mikel:

    I am writing in reply to your letter dated July 24, 2007, which was just received. Your repeated mis-statements of the record in this proceeding are becoming annoying. I never rejected a proposed date in Hawaii for September 6-7 because no such proposal was ever made. Look at your July 10, 2007 letter. **YOU** proposed deposing Dr. Meriwether **IN TAMPA, FL ON SEPTEMBER 6TH AND 7TH**. That date and location was never rejected. **YOU** reneged on the offer and now have come up with the new totally unacceptable dates.

    Again, as I have repeatedly told you, expert depositions are now off the table. The discovery cut-off date has passed. The discovery motion cut-off date has passed. We have a September 17, 2007 pre-trial conference and a November 5 trial. Let's stay focused on that instead.

                                            Sincerely,

                                            ROBERT L. KEOGH

rlk/tbm