LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE, | CIVIL CASE NO. CIV06-00008 |
| Plaintiffs, | |
| vs. | DECLARATION OF ROBERT L. KEOGH RE: PROPOSED PRE-TRIAL ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

I, ROBERT L. KEOGH, hereby declare and state that:

1. I am counsel for plaintiffs in this action, I am over 18 years of age, am competent to testify about the matters set forth herein and have personal knowledge of the matters testified about unless stated otherwise herein.

2. On February 1, 2008 at 2:16 p.m. I sent to Mikel Schwab via email a proposed Pre-trial Order for his review and comment.

3. On February 4, 2008 at 4:23 p.m. I received via email from Marie Chenery of the U. S. Attorney's office a revised draft of the proposed Pre-trial Order containing substantial substantive changes.

4. On February 4, 2008 at 8:08 p.m. I sent to Mikel Schwab via email a revised proposed Pre-trial Order incorporating to the extent agreed to defendant's changes.

5. On February 5, 2008 at 1:44 p.m., having heard nothing further from the U. S. Attorney's office, I sent an email to Mikel Schwab advising him that if I did not receive his response to the revised proposed Order by 2:30 p.m. that same day I would proceed with filing the proposed draft previously submitted.

6. Attached hereto and marked as Exhibit "A" is a true and correct copy of the first proposed Pre-trial Order which I sent to Mikel Schwab on February 1, 2008.

7. Attached hereto and marked as Exhibit "B" is a true and correct copy of the proposed Pre-trial Order which I received from Marie Chenery on February 4, 2008.

8. Attached hereto and marked as Exhibit "C" is a true and correct copy of the revised proposed Pre-trial Order which I sent to Mikel Schwab on February 4, 2008.

- 2 -

9.    I declare under penalty of perjury under the laws of Guam (6 G.C.A. §4308) that the foregoing is true and correct.

Date: ___2/5/08___                          _____
                                              ROBERT L. KEOGH

## CERTIFICATE OF SERVICE

I, Robert L. Keogh, hereby certify that on the __th day of January 2008, I caused to be served via hand delivery, a true and correct copy of this document entitled **DECLARATION OF ROBERT L. KEOGH; CERTIFICATE OF SERVICE** in the above-captioned matter upon the following office as set forth below:

    Mikel W. Schwab
    Assistant U. S. Attorney
    District of Guam
    Sirena Plaza, Suite 500
    108 Hernan Cortez Avenue
    Hagatña, Guam 96910

                              **LAW OFFICE OF ROBERT L. KEOGH**
                              Attorneys for Plaintiffs

DATE: ___2/5/08___           By: _____
                                  ROBERT L. KEOGH

- 3 -

EXHIBIT "A"

LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,**<br><br>             Plaintiffs,<br><br>     vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>             Defendant. | **CIVIL CASE NO. CIV06-00008**<br><br><br>**PRETRIAL ORDER** |

Following Pretrial proceedings, pursuant to Rule 16, Federal Rules of Civil Procedure and Local Rule 16.7,

IT IS ORDERED:

1.(a)     This is an action for damages arising from medical malpractice.

   (b)     The parties are:

         (1)   Deborah K. Rutledge and Thomas R. Rutledge, plaintiffs

         (2)   United States of America, defendant.

      Each of these parties has been served and appeared.

   (c)     The pleadings which raise the issues are:

         (1)   Complaint filed March 17, 2006.

(2)   Answer filed May 10, 2006.

2.   Jurisdiction and venue are invoked upon the grounds that this is a Federal Tort Claim Act claim by Deborah and Thomas Rutledge against the United States of America for medical malpractice.   Jurisdiction and venue are admitted.

3.   The following facts are admitted and require no proof:

(a)   At all relevant times Thomas R. Rutledge and Deborah K. Rutledge were lawfully married and were and are husband and wife;

(b)   At all relevant times Thomas R. Rutledge was a Master Sergeant on active duty in the United States Air Force.

(c)   At all relevant times, plaintiff Deborah Rutledge was a dependent of her husband and was entitled to receive medical care at the Andersen Air Force Base Clinic (AAFB Clinic) on the Andersen Air Force Base, Guam.

(d)   At all relevant times the medical care providers, including physicians, physicians' assistants, nurse practitioners, nurses and therapists providing treatment to plaintiff Deborah Rutledge at any United States military facility were agents of the United States acting within the course and scope of their employment.

- 2 -

(e)   From July 27, 2004 to August 27, 2004 MRI scans were able to be performed on Guam at a civilian facility and were able to be interpreted by qualified radiologists and these services were available to military dependants such as Deborah Rutledge upon proper referral from the Naval hospital, Guam.

4.   The reservations as to facts recited in paragraph 3, above, are as follows: None.

5.   The following facts, though not admitted, are not contested at the trial by evidence to the contrary: None known.

6.   The following issues of fact, and no others, remain to be litigated at the trial:

a.   What symptoms and conditions did Deborah Rutledge present to the AAFB Clinic on July 27, 2004?

b.   What diagnoses and treatment were provided to Deborah Rutledge by the AAFB Clinic personnel on July 27, 2004?

c.   What symptoms and conditions did Deborah Rutledge present to the AAFB Clinic on August 2, 2004?

d.   What diagnoses and treatment were provided to Deborah Rutledge by the AAFB Clinic personnel on August 2, 2004?

e.   What symptoms and conditions did Deborah Rutledge present to the AAFB Clinic on August 17, 2004?

f.   What diagnoses and treatment were provided to Deborah Rutledge by the AAFB Clinic personnel on August 17, 2004?

- 3 -

g.   What compensable damages have Deborah Rutledge and Thomas Rutledge suffered as a result of the actions of defendant?

7.   The following issues of law, and no others, remain to be litigated at the trial:

a.   Was the treatment provided to Deborah Rutledge by the AAFB Clinic on July 27, 2004, August 2, 2004 and/or August 17, 2004 below the standard of care and negligent?

b.   If so, did the negligent conduct of the AAFB Clinic directly cause Deborah Rutledge and Thomas Rutledge damage?

c.   If so, What is the amount of damages suffered by Deborah Rutledge and Thomas Rutledge as a result of the negligent conduct of the AAFB Clinic?

8.   All discovery is complete.

9.   The Exhibit Lists of the parties have been filed with the Court as required by Local Rule 16.7. The parties anticipate the following objections to the exhibits listed below: None known at the present time, however, the parties reserve all rights to objections permitted under the Federal Rules of Evidence.

10.   Witness lists of the parties have heretofore been filed with the Court as required in Local Rule 16.7.

11.   Each party intending to present evidence by way of

- 4 -

deposition testimony has marked such depositions in accordance with Local Rule 32.1. For this purpose, the following depositions shall be lodged with the clerk as required by Local Rule 32.1: Deposition of Hugh McSwain taken May 22, 2007. Plaintiffs reserve the right to lodge additional transcripts in the event defendant does not produce government employee witnesses as provided at the Preliminary Pre-trial Conference held on January 14, 2008.

12. The following law and motion matters are pending or contemplated: Plaintiffs' In Limine Motion to Exclude or Limit Expert Testimony of Dr. Michael Meriwether.

13. The trial is to be a non-jury trial.

14. The trial is estimated to take: **eight (8) to ten (10) trial days**.

15. The Final Pretrial Conference shall be held on **February 12, 2008,** at **10:00 a.m.**.

16. The trial of this cause will be held on **February 19, 2008** at **9:00 a.m.**

17. The foregoing admissions having been made by the parties,

– 5 –

and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED this _____ day of _____, 2008.


**HONORABLE FRANCES TYDINGCO-GATEWOOD**
Judge, District Court of Guam


**APPROVED AS TO FORM AND CONTENT:**

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs


DATE: _____     By: _____
                                            **ROBERT L. KEOGH**


**OFFICE OF THE U.S. ATTORNEY**
Attorneys for Defendant
United States of America


DATE: _____     By: _____
                                            **MIKEL W. SCHWAB**

- 6 -

# Robert L.Keogh

**From:** "Robert L.Keogh" <rlk@guam.net>
**To:** "Mike Schwab" <mikel.schwab@usdoj.gov>
**Sent:** Friday, February 01, 2008 2:16 PM
**Attach:** RUTLEDGE PRETRIAL ORDER.wpd
**Subject:** Rutledge v. USA

Dear Mikel,

Attached is a draft of a Pre-trial Order for your review.

Sincerely,

Robert Keogh

EXHIBIT "B"

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

DEBORAH K. RUTLEDGE and THOMAS )
R. RUTLEDGE,                      )
                                  )
              Plaintiffs,         )
                                  )
       vs.                        )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
              Defendant.          )
_____)

CIVIL CASE NO. 06-00008

**PROPOSED**
**PRETRIAL ORDER**

       Following Pretrial proceedings, pursuant to Rule 16, Federal Rules of Civil Procedure
and Local Rule 16.7,

IT IS ORDERED:

1.     (a) This is an action for damages against the United States under the Federal Tort Claims
Act (FTCA) which provides a limited waiver of the federal government's sovereign if it can be
proven that its employees are negligent within the scope of their employment. 28 U.S.C. §
1346(b) and 28 U.S.C. § 2671–2680.   Plaintiff claims that employees of the United States failed

to diagnose a condition known as Cauda Equina Syndrome, which Plaintiff claims had occurred prior to her visits to a day clinic at Andersen Air Force Base, Guam.

    (b) The parties are:

        1) Plaintiffs:   Deborah K. Rutledge and Thomas R. Rutledge.

        2)  Defendant:  United States of America.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

    (c)  The pleadings which raise the issues are:

        1)  Plaintiffs' Complaint filed March 17, 2006;

        2)  Defendant United States' Answer to the Complaint filed May 10, 2006.

2.      Jurisdiction and venue are invoked upon the grounds:

Plaintiff invokes 28 USC § 1346 (b) and 28 USC § 2671, *et. seq*, The Federal Tort Claims Act (FTCA).

A notice of claim (SF 95) for each of the parties plaintiff was timely served on the appropriate federal agency and was denied.

2

The facts requisite to federal jurisdiction and venue in Guam have been admitted.

3.    The following facts are admitted and require no proof:

a) At all relevant times, Thomas R. Rutledge and Deborah K. Rutledge were lawfully married and were and are husband and wife;

b) At all relevant times, Rhomas R. Rutldege was a Master Sergeant on active duty in the United States Air Force;

c) At all relevant times, plaintiff Deborah K. Rutledge was a dependent of her husband and was entitled to receive medical care at the Andersen Air Force Base Clinic (AAFB Clinic) on the Andersen Air Force Base, Guam;

d)  Plaintiff Deborah K. Rutledge was an outpatient of the Andersen Air Force Base Family Practice Clinic and received medical care from United States providers on 27 July 2004, 2 August 2004, and 17 August 2004.

e)  Andersen Air Force Base Family Practice Clinic is operated by Defendant United States.

f)  Defendant United States is subject to the jurisdiction of the District Court, Guam, subject to US 28 USC § 1346 (b) and 28 USC § 2671, *et. seq*, The Federal Tort Claims Act.

g)  Plaintiff admits her care at Naval Hospital Guam,  Tripler Army Medical Center,

3

1    National Naval Medical Center, Bethesda, Walter Reed Army Medical Center, and Tinker

2    Air Force Base Clinic was within the requisite standard of care and not negligent.

4    4.    The reservations as to the facts recited in Paragraph 3, above, are as follows:  None

6    5.    The following facts, though not admitted, are not to be contested at the trial by evidence

7    to the contrary:  None known.

9    6.    The following issues of facts, and no others, remain to be litigated at the trial:

11        a)  Liability of the United States to Plaintiffs.

13        b)  Whether the care provided Plaintiff Deborah Rutledge at Andersen Air Force Base

14        Family Practice Clinic on July 27, 2004, August 2, 2004, and August 17, 2004 met the

15        appropriate standard of care.

17        c)  The amount of damages, if any, to be awarded to Plaintiffs.

19        d)  Whether Plaintiff Deborah Rutledge has sustained economic damages;

21        e)  Whether Plaintiff Deborah Rutledge has sustained non-economic damages;

23        f)  Whether Plaintiff Thomas Rutledge has sustained damages as a result of loss of

24        consortium.

26    7)    The following issues of law, and no others, remain to be litigated at the trial:

28                                        4

a) Was the treatment provided to Deborah Rutledge by the AAFB Clinic on July 27, 2004, August 2, 2004 and / or August 17, 2004 below the standard of care and negligent?

b) Was there any negligent conduct of the AAFB Clinic that directly caused Deborah K. Rutledge and Thomas R. Rutledge damage?

c) If so, what is the amount, or part thereof, of damages suffered, if any, by Deborah K. Rutledge and Thomas R. Rutledge as a result of the negligent conduct of the AAFB Clinic?

8. All discovery is complete with the exception of any and all medical treatment received by the Plaintiff up to and including the time of trial. Plaintiff's claimed medical condition, current and in the future, is at issue.

9. The Exhibit Lists of the parties shall be filed with the Court as required by Local Rule 16.7 and this Court's Order dated January 14, 2008, no later than February 5, 2008. Exhibit binders shall be submitted in accordance with the Local Rules no later than February 5, 2008.

The parties anticipate the following objections to the exhibits listed below:

None known at the present time, however, the parties reserve all rights to objections permitted under the Federal Rules of Evidence. Objections to the exhibits shall be filed on or before _____.

10. The witness lists of the parties shall be filed with the Court as required by Local Rule 16.7 and this Court's Trial Order dated January 14, 2008, no later than February 5, 2008. Objections to the witnesses shall be filed on or before_____. Except for good

5

cause shown, only the witnesses identified in the list will be permitted to testify other than for impeachment or rebuttal.

11.     Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 32.1. For this purpose, the following depositions shall be lodged with the clerk as required by Local Rule 32.1: (List)

        Defendant: None.

        Plaintiffs: Deposition of Dr. Hugh McSwain taken May 22, 2007.  Plaintiffs reserve the right to lodge additional transcripts in the event defendant does not produce government employee witnesses as provided at the Preliminary Pre-trial Conference held on January 14, 2008.

12.     The following law and motion matters are pending or contemplated:

        a)  Plaintiffs' Motion in Limine to Exclude or Limit Expert Testimony of Dr. Michael Meriwether and Defendant's Response are pending.

        b)  The FTCA is limited by a number of exceptions pursuant to which the government is not subject to suit, even if a private employer could be liable under the same circumstances. These exceptions include, among others,  the discretionary function exception, which bars a claim 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.' 28 U.S.C. S 2680(a).

6

c) Consequential, punitive or exemplary damages are not allowed under the FTCA. 28 U.S.C. § 2674.

d) Claims for misrepresentation or deceit are excluded by the FTCA. 28 U.S.C. § 2680.

13. The trial is to be a non-jury trial.

At least seven (7) days prior to the trial date each counsel shall serve on all parties and lodge with the Court proposed findings of fact and conclusions of law.

14. The trial is estimated to take **six (6) to ten (10) trial days.** Defendant will require 4 trial days.

15. The Final Pretrial Conference shall be held on **February12, 2008 at 10:00 AM.**

16. The trial of this cause will be held on **February 19, 2008 at 9:00 AM.**

7

1   17.     The foregoing admissions having been made by the parties, and the parties having

2   specified the foregoing issues of fact and law remaining to be litigated, this Pretrial Conference

3   Order shall supersede the pleadings and govern the course of the trial of this cause, unless

4   modified to prevent manifest injustice.

5

6   DATED this _____ day of February, 2008.

7

8

9                                              _____

10                                             FRANCES TYDINGCO-GATEWOOD

11                                             Chief Judge, District Court of Guam

12

13                                             LEONARDO M. RAPADAS

                                               United States Attorney

14  APPROVED AS TO FORM                        LEONARDO M. RAPADAS

    AND CONTENT:                               United States Attorney

15                                             Districts of Guam and the NMI

16

17

18  _____                    _____

19  ROBERT KEOGH                               MIKEL W. SCHWWAB

    Attorney of Plaintiff                      Assistant U.S. Attorney

20                                             KATHARYNE P. CLARK

                                               Special Assistant U.S. Attorney

21

22

23

24

25

26

27

28                                  8

## Robert L.Keogh

| | |
|---|---|
| **From:** | "Chenery, Marie (USAGU)" <Marie.Chenery@usdoj.gov> |
| **To:** | "Robert L.Keogh" <rlk@guam.net> |
| **Cc:** | "Schwab, Mikel (USAGU)" <Mikel.Schwab@usdoj.gov>; "Clark, Katharyne P Ms TAMC" <Katharyne.Clark@AMEDD.ARMY.MIL> |
| **Sent:** | Monday, February 04, 2008 4:23 PM |
| **Attach:** | Proposed Pretrial Order 02 04 08.wpd |
| **Subject:** | RE: Rutledge v. USA Proposed Pre-trial Order |

Dear Mr. Keogh,

Attached please find a draft of the Pre-trial Order where we incorporated the parts of your draft that we, in the spirit of cooperation, would agree to add to our draft.

In reference to 3(d) of your draft, we are willing to agree that specific, named individuals were agents of the U.S. acting within the scope of their employment, but we do not agree to a blanket statement.

If there are areas where we cannot agree, we are amenable to having a separate statement under each disputed section with reference to what the Plaintiffs believe and what the Defendant believes.

Please let us know your thoughts.

Sincerely,

Marie

**From:** Schwab, Mikel (USAGU)
**Sent:** Saturday, February 02, 2008 10:07 PM
**To:** Chenery, Marie (USAGU)
**Cc:** Clark, Katharyne P Ms TAMC
**Subject:** FW: Rutledge v. USA

**From:** Robert L.Keogh [mailto:rlk@guam.net]
**Sent:** Friday, February 01, 2008 2:17 PM
**To:** Schwab, Mikel (USAGU)
**Subject:** Rutledge v. USA

Dear Mikel,

Attached is a draft of a Pre-trial Order for your review.

Sincerely,

Robert Keogh

EXHIBIT "C"

LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>          Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | CIVIL CASE NO. CIV06-00008<br><br><br>**PRETRIAL ORDER** |

Following Pretrial proceedings, pursuant to Rule 16, Federal Rules of Civil Procedure and Local Rule 16.7,

IT IS ORDERED:

1.(a)    This is an action for damages against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C 2674. The nature of the case is a claim by the plaintiffs of medical malpractice.

  (b)    The parties are:

      (1)  Deborah K. Rutledge and Thomas R. Rutledge, plaintiffs

      (2)  United States of America, defendant.

      Each of these parties has been served and appeared.

(c)     The pleadings which raise the issues are:

      (1)   Complaint filed March 17, 2006.

      (2)   Answer filed May 10, 2006.

2.   Jurisdiction and venue are established pursuant to 48 U.S.C 1424 and 28 U.S.C. 1346(b) and are admitted.

A Notice of Claim under the Federal Tort Claims Act through Standard Form 95 for each of the plaintiffs, dated April 29, 2005, was timely served upon the appropriate federal agency on May 3, 2005. By March 17, 2006, no action had been taken on the Claim and this litigation was commenced. By letter dated April 5, 2006 the FTCA Claim was denied by the Air Force.

3.   The following facts are admitted and require no proof:

    (a)   At all relevant times Thomas R. Rutledge and Deborah K. Rutledge were lawfully married and were and are husband and wife;

    (b)   At all relevant times Thomas R. Rutledge was a Master Sergeant on active duty in the United States Air Force.

    (c)   At all relevant times, plaintiff Deborah Rutledge was a dependent of her husband and was entitled to receive medical care at the Andersen Air Force Base Clinic (AAFB Clinic) on the Andersen Air Force Base, Guam.

- 2 -

(d)  The Andersen Air force Base Clinic is operated by defendant United States.

4.  The reservations as to facts recited in paragraph 3, above, are as follows: None.

5.  The following facts, though not admitted, are not contested at the trial by evidence to the contrary: None.

6.  The following issues of fact, and no others, remain to be litigated at the trial:

(a)  All factual issues relating to a finding of liability of the United States to plaintiffs.

(b)  All factual issues relating to whether the care provided to plaintiff Deborah Rutledge at the AAFB Clinic on July 27, 2004, August 2, 2004 and August 17, 2004, met or fell below the standard of care.

(c)  All factual issues relating to the amount of damages, if any, to be awarded to plaintiffs.

(d)  All factual issues relating to whether plaintiff Deborah Rutledge has sustained economic damages.

(e)  All factual issues relating to whether plaintiff Deborah Rutledge has sustained non-economic damages.

(f)  All factual issues relating to whether plaintiff Thomas Rutledge has sustained damages as a result of loss of consortium.

- 3 -

7. The following issues of law, and no others, remain to be litigated at the trial:

    (a) Was the treatment provided to Deborah Rutledge by the AAFB Clinic on July 27, 2004, August 2, 2004 and/or August 17, 2004 below the standard of care and negligent?

    (b) If so, was there any negligent conduct of the AAFB Clinic that directly caused Deborah Rutledge and Thomas Rutledge damage?

    (c) If so, what is the amount of damages suffered by Deborah Rutledge and Thomas Rutledge as a result of the negligent conduct of the AAFB Clinic?

8. All discovery is complete.

9. The Exhibit Lists of the parties have been filed with the Court as required by Local Rule 16.7. The parties anticipate the following objections to the exhibits listed below: None known at the present time, however, the parties reserve all rights to objections permitted under the Federal Rules of Evidence. Objections to exhibits shall be filed pursuant to LR 16.7(f) by February 12, 2008.

10. Witness lists of the parties have heretofore been filed with the Court as required in Local Rule 16.7.

- 4 -

Objections to witnesses shall be filed pursuant to LR 16.7(f) by February 12, 2008.

11. Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 32.1. For this purpose, the following depositions shall be lodged with the clerk as required by Local Rule 32.1: Deposition of Hugh McSwain taken May 22, 2007. Plaintiffs reserve the right to lodge additional transcripts in the event defendant does not produce government employee witnesses as provided at the Preliminary Pre-trial Conference held on January 14, 2008.

12. The following law and motion matters are pending or contemplated:

Plaintiffs: Plaintiffs' In Limine Motion to Exclude or Limit Expert Testimony of Dr. Michael Meriwether.

Defendant:

(a) The FTCA is limited by a number of exceptions pursuant to which the government is not subject to suit, even if a private employer could be liable under the same circumstances. These exceptions include, among others, the discretionary function exception, which bars a claim "based upon the

- 5 -

exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

(b)   Consequential, punitive or exemplary damages are not allowed under the FTCA. 28 U.S.C. § 2674.

(c)   Claims for misrepresentation or deceit are excluded by the FTCA. 28 U.S.C. § 2680.

13.   The trial is to be a non-jury trial.

14.   The trial is estimated to take: **eight (8) to ten (10) trial days.** Defendant will require 4 trial days.

15.   The Final Pretrial Conference shall be held on **February 12, 2008**, at **10:00 a.m.**.

16.   The trial of this cause will be held on **February 19, 2008** at **9:00 a.m.**

17.   The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Pretrial Conference Order shall supersede the pleadings and govern

- 6 -

the course of the trial of this cause, unless modified to prevent manifest injustice.


DATED this ____ day of _____, 2008.



**HONORABLE FRANCES TYDINGCO-GATEWOOD**
Judge, District Court of Guam


**APPROVED AS TO FORM AND CONTENT:**

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs


DATE: _____    By: _____
                                  **ROBERT L. KEOGH**


**LEONARDO M. RAPADAS**
United States Attorney
Districts of Guam and the NMI
Attorneys for Defendant
United States of America


DATE: _____    By: _____
                                  **MIKEL W. SCHWAB**
                                  Assistant U.S. Attorney
                                  **KATHARYNE P. CLARK**
                                  Special Assistant
                                  U.S. Attorney

- 7 -

# Robert L. Keogh

**From:** "Robert L. Keogh" <rlk@guam.net>
**To:** "Mikel Schwab" <mikel.schwab@usdoj.gov>
**Sent:** Monday, February 04, 2008 8:08 PM
**Attach:** RUTLEDGE PRETRIAL ORDER1.wpd
**Subject:** Pre-trial Order

Dear Mikel,

I have reviewed your changes to the pre-trial Order I presented last week. I have incorporated as many of the changes you made that I will agree to. I have removed every item that was in my proposed order that you did not include in yours assuming that you did not agree to them.

I must make the following comments.

Paragraph 1: I have included a reference to the FTCA in the statement of the nature of the case because you included it. I have deleted the descriptions of what the act requires because your language does not appear in the statute. Actually the statute states that the United States shall be liable in tort in the same manner and to the same extent as a private individual under like circumstances. Since we do not agree on the language to describe the nature of the case I have included only the reference to the FTCA. Your description of what "Plaintiff" (sic) claims is inaccurate so I have deleted it.

Paragraph 2: The FTCA is not a jurisdictional statute and does not belong here. I have stated the jurisdictional statement as contained in the complaint which was admitted. Your statement with respect to the SF95 claim process is incomplete. Since you have requested that this information be included in the Pre-trial Order in this paragraph I have included it but have accurately described it.

Paragraph 3: You deleted my proposed sub-paragraph (e) with respect to MRI scans so I have removed it and we will present proof of this fact at trial. Your proposed sub-paragraphs (d), (f) and (g) I do not agree with so I have not included them in this next draft. I included your proposed sub-paragraph (e) as sub-paragraph (d) in this draft.

Paragraphs 4 & 5 are ok.

Paragraph 6: What you have done with paragraph 6 is problematical. "Liability of the United States to Plaintiffs" is not an issue of fact, it is an issue of law. I tried to be specific about the issues of fact that remain to be litigated in my proposed Order. You have rejected them and removed them from the draft and incorporated a general statement in their place. The rule states that a general statement will not suffice. Nevertheless, since you will not agree to the specific statements I proposed I have re-drafted the Order, incorporating your proposals as much as possible and have made them relate to factual findings.

Paragraph 7: I have incorporated your changes with minor changes such as taking out "or part thereof" and "if any" in sub-paragraph (c) since it did not make sense.

Paragraph 8: I disagree with your expanded statement. Discovery is complete. You have stated so in prior correspondence. I do not consent to further discovery being included in this Order.

Paragraphs 9 through 17: I incorporated your statements with respect to legal issues contemplated in paragraph 12. Otherwise I have conformed the paragraphs to LR 16.7

If you would like to discuss any aspect of this matter further please feel free to call.

Sincerely,

Robert L. Keogh