```
LAW OFFICE OF
ROBERT L. KEOGH
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895
```



FILED
DISTRICT COURT OF GUAM

FEB 1 2 2008

JEANNE G. QUINATA
Clerk of Court

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF GUAM

DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,

  Plaintiffs,

vs.

UNITED STATES OF AMERICA,

  Defendant.

CIVIL CASE NO. CIV06-00008

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBIT AND WITNESS LIST

Pursuant to LR 16.7(f)(2) plaintiffs hereby present the following objections to defendant's exhibit list and witness list filed herein on February 5, 2008.

1. Exhibit List:

Exhibit "L" Relevance. Exhibit "L" contains medical records from September, 2002 through September 2003 which have no relation to any issue presented in this case.

Exhibits "O," "P," "Q" and "R." The parties have previously stipulated to the authenticity of plaintiff Deborah Rutledge's medical records. Plaintiffs reserve their right to object at trial, however, to the relevance and foundation of

wholesale medical records contained in these exhibits to the extent they have no bearing on any issue of this case or have not been previously disclosed.

2.  Witness List:

Plaintiffs object to witness number 4, Lt. David Lang, and witness number 5, Maj. Emma McClain.  Both witnesses have a parenthetical reference of "rebuttal" after their listing.  Neither witness has been previously identified or disclosed in any Rule 26(a) or (e) disclosure or supplemental disclosure.  A defendant does not have a right to list "rebuttal" witnesses for the first time in pre-trial filings.  Rebuttal evidence is "limited to that which is precisely directed to rebutting new matter or new theories presented by the **defendant's** case in chief." Crowley v. Chait, 322 F. Supp. 2d 530, 550-551 (D. N.J. 2004) citing Step-Saver Data Sys., Inc. v. Wyse Tech.,752 F. Supp. 181, 193 (E.D. Pa. 1990) affd. in relevant part, revd. in part on other grounds, 939 F.2d 91 (3d Cir. 1991)(emphasis supplied).

Chief Judge Coughenour of the Western District of Washington addressed the issue of rebuttal evidence and the exclusion of witnesses not previously properly disclosed in pre-trial disclosures in Daly v. Far Eastern Shipping Company PLC, 238 F. Supp. 2d 1231 (W.D. Wa. 2003).  With respect to rebuttal evidence the court stated that, "[r]ebuttal evidence is allowed 'to permit a litigant to counter new, unforseen facts brought out in the other

- 2 -

side's case.'" Id. at 1238, citing Faigan v. Kelly, 184 F.3d 67,85 (1st Cir. 1999).

Plaintiffs have no idea who these two witnesses are or what their proposed "rebuttal" testimony is to address. Defendant has not properly disclosed these witnesses previously and appears to try to overcome this impediment by designating the witnesses as "rebuttal" witnesses. Rebuttal witnesses ordinarily are witnesses a plaintiff calls to counter new evidence brought out by a defendant for the first time in their case in chief. How defendant can at this point in this litigation be designating witnesses to, as Judge Coughenour stated, counter new and unforseen facts brought out in plaintiffs' case is a mystery.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiffs

DATE: 2/12/08

By: _____
ROBERT L. KEOGH

- 3 -