DISTRICT COURT OF GUAM

TERRITORY OF GUAM

DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Civil Case No. 06-00008

**ORDER RE: MOTION IN LIMINE**

Before the court is Plaintiffs' Motion in Limine to Exclude or Limit Expert Testimony of Dr. Michael Meriwether at Trial. Plaintiffs seek to exclude Dr. Meriwether's testimony altogether, or in the alternative, to limit his testimony as to what is stated in his expert report. After hearing argument and reviewing applicable case law concerning the issue, the court hereby **DENIES** the Motion. The court herein memorializes the bases for its decision.

The court denies the Plaintiffs' Motion because it finds that the proposed testimony meets the requirements set out by Federal Rules of Evidence, Rule 702, and the Supreme Court test set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579 (1993). Rule 702 addresses the admissibility of expert testimony. Testimony is only allowed by properly qualified experts if the testimony is "the product of reliable principles and methods reliably to the facts of the case." FRE 702. In *Daubert*, the Supreme Court listed five factors that courts

must consider when determining if expert testimony is reliable. First, the court must consider whether the theory or technique is "knowledge that will assist the trier of fact" and "whether it can be (and has been) tested." *Daubert* at 593. Next, the court must see whether the theory or technique has been subjected to peer review and publication. Third, if the case deals with a particular kind of scientific technique, the court should "ordinarily consider the known or potential rate of error." *Id*. Fourth, the court must consider the degree of acceptance of the method or technique within the relevant scientific community. *Id*. Finally, the court should bear in mind that the Rule 702 enquiry is flexible, and that the focus should be on the principles and methodology of the research, and not of the results. *Id*. at 594-95.

Here, upon review of the submissions, the court finds that Dr. Meriwether's report and proposed testimony contain knowledge that will assist the court, as the trier of fact. In addition, Dr. Meriwether's report is based on accepted medical practice and technique, which appears to be well-regarded in the scientific community. Finally, the court finds that the report meets the flexible requirements of Rule 702. Consequently, after careful review, the court finds that the proposed testimony of Dr. Meriwether meets the requirements of Rule 702 and *Daubert*.

The court likewise denies the Plaintiffs' Motion in the Alternative, as the issue is not ripe for review. The court declines to limit Dr. Meriwether's testimony before he has testified, "because a trial is intended to be a search for the truth, and the finder of fact should have the benefit of all testimony which may bear upon the issues being litigated." *Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 586, 588 (D.N.J.1994). Until evidence is presented at trial, it would be premature to place any limitation upon the expert's testimony. Instead, if the Plaintiffs feel that Dr. Meriwether's testimony exceeds the scope of Federal Rule of Civil Procedure Rule 26 at trial, they may object at that time.

Based upon the foregoing, the court hereby **DENIES** the Plaintiffs' Motion to Exclude or Limit Testimony.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Feb 15, 2008**