LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CIVIL CASE NO. 06-00008<br><br>**UNITED STATES' MOTION FOR LEAVE TO FILE AMENDED EXPERT REPORT** |

The United States hereby submits this Motion for Leave to File Amended Expert Report, showing the Court as follows:

On February 5, 2008, Plaintiff filed with this Court a medical report of Dr. Donald Adams MD. Prior to this date, Plaintiffs had not disclosed Plaintiff Deborah Rutledge's treatment with Dr. Adams or medical records from this provider[1].

On February 13, 2008 Plaintiffs filed with this Court medical records from Dr. James E.

---

[1] Defendant had been able to obtain an incomplete copy of the record from Dr. Adams on January 23, 2008.

Duncan MD and Dr. Chadwick Webber MD. Prior to this date, Plaintiffs had not disclosed Plaintiff Deborah Rutledge's treatment with Dr. Duncan and Dr. Webber, and did not disclose her medical record from these providers.

In the instant situation, the Court would be within its discretion to exclude the recently provided medical evidence. A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. *See, e. g.,* Halverson v. Campbell Soup Co., 374 F.2d 810, 812 (7th Cir. 1967); Clark v. Pennsylvania R.R. Co., 328 F.2d 591, 594-95 (2d Cir.), cert. denied, 377 U.S. 1006, 84 S. Ct. 1943, 12 L. Ed. 2d 1054 (1964); 8 Wright & Miller, Federal Practice & Procedure § 2050 (1970). Within this discretion lies the power to exclude or admit expert testimony, *see* Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S. Ct. 1119, 1122, 8 L. Ed. 2d 313 (1962); Williams v. Fenix & Scisson, Inc., 608 F.2d 1205, 1209 (9th Cir. 1979), and to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party. See Clark v. Pennsylvania R.R. Co., supra, 328 F.2d at 594-95.

The referenced medical records have since been provided to Defendant's medical expert, Dr. Michael Meriwether. Upon review of these records, Dr. Meriwether has formed additional expert opinions. These opinions will be very helpful to the Court's analysis of the facts of this case.

It is Defendant's position that the Court would benefit from as full and complete a picture of Plaintiff's medical condition in order to render a fair verdict. Thus, rather than requesting the sanction of exclusion, Defendant, in the alternative, moves this Court for leave to allow its medical expert Dr. Meriwether to amend his report to express additional opinions raised by these

2

late filed medical records.

Respectfully submitted this 19th day of February, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *Katharyne Clark*

MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Assistant U.S. Attorney

3