LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGÅTÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

FILED
DISTRICT COURT OF GUAM

FEB 22 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. CIV06-00008<br><br>PLAINTIFFS' IN LIMINE MOTION FOR PROTECTIVE ORDER |

## I. BACKGROUND

During trial on February 20, 2008, pursuant to the oral request by defendant for copies of psychological counseling records of plaintiff Deborah Rutledge, the Court gave plaintiffs until the end of the day on Friday, February 22, 2008, to provide defendant with information enabling them to obtain such records or to produce the records. Plaintiffs submit that the requested records are privileged and are not discoverable on a variety of grounds. Plaintiffs move for a protective order pursuant to F. R. Civ. P. 26(c).

## II. ARGUMENT

For actions brought under the Federal Tort Claims Act, the federal district court applies the law of the state in which the alleged negligent act occurred. <u>Warren v. U.S.</u>, 999 F.2d 546 (9th Cir. 1993) citing <u>Brock v. United States</u>, 601 F.2d 976, 978 (9th Cir.1979). All the negligent acts and omissions at issue in this case happened on Guam. Therefore, Guam law applies to this case.

Pursuant to 6 GCA §504, the psychotherapist-patient privilege is recognized on Guam. Plaintiff Deborah Rutledge has not waived her privilege with respect to any communications she had with any psychologist, therapist or counselor she has consulted. Nor has she placed her mental state "at issue" in the proceeding in such a manner as to justify the disclosure defendant seeks.

The U. S. Supreme Court has recognized the existence of the psychotherapist-patient privilege. <u>Jaffee v.Redmond</u>, 518 U.S. 1, 116 Sup. Ct. 1923, 135 L. Ed. 2d 337 (1996). In <u>Fritsch v. City of Chula Vista</u>, 187 F.R.D. 614 (S. D. Ca. 1999), a case arising from within the Ninth Circuit, the court discussed at great length the pre and post <u>Jaffee</u> law on the issue of the disclosure of psychotherapist-patient privileged information. The court then denied defendant's request for plaintiff's psychological records and a Rule 35 examination holding that plaintiff had not placed her mental or emotional condition "at issue" simply by claiming to have suffered emotional distress as a result of defendant's conduct. In

- 2 -

support of its holding the court stated,

> the plaintiff has not brought a claim for either intentional or negligent infliction of emotional distress; she does not allege that she suffered a psychiatric injury or disorder as a result of the defendants' conduct; she does not claim to suffer from unusually severe emotional distress; and she does not intend to offer expert testimony regarding her emotional distress. Rather, she merely claims damages for emotional distress which she says she suffered as a result of defendants' actions as alleged in the complaint. The mental suffering Plaintiff claims "does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances," and constitutes "matters that are within the everyday experience of the average juror."

Id. at 632, citing Johnson v. Trujillo, 977 P.2d 152, 157-58 (Colo. 1999). The Fritsch court further held that the plaintiff had not waived her psychotherapist-patient privilege since she had not put the substance of the communications between herself and her therapist at issue and did not intend to call the therapist as a witness at trial. See also, Ruszkowski v. Kaleida Health System, 2007 WL 4380160, *2 (W.D.N.Y.)("absent a claim for more than 'garden variety' emotional distress damages, even a simple claim for emotional distress damages does not create a waiver of the physician-patient privilege sufficient to satisfy the "at issue" rule."). Similarly, a claim for loss of consortium does not act to waive the privilege permitting disclosure of psychotherapist-patient privileged communications. Bain v. The Superior Court, 148 Ariz. 331, 714 P. 2d 824 (1986).

Plaintiffs have not asserted a claim for negligent infliction of emotional distress. The complaint asks only for general damages

for pain and suffering. Emotional damages have only been asserted as a component of plaintiff Deborah Rutledges general pain and suffering and the affect of her injuries on her marital relations. This is certainly nothing greater than the "garden variety" emotional distress damages referenced in <u>Ruszkowski</u>.

7 G.C.A. §16102(a) and (c) defines non-economic losses as follows:

> "(c) Non-economic loss shall mean loss for physical and emotional pain, suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of enjoyment of life, loss of society and companionship; loss of consortium, other than loss of domestic service; hedonic damages; injury to reputation and all other non-pecuniary losses of any kind or nature.

Under Guam law emotional pain is a component of general non-economic loss. Plaintiffs are not seeking additinal damages for any mental or psychological condition.

Furthermore, defendant has never sought the records they are now seeking through any form of pre-trial discovery. Defendant never served a request for production of documents on plaintiffs. At trial defendant argued that the therapist records should have been produced pursuant to the Rule 26(a)(1) initial disclosures. This is simply not so.

Rule 26(a)(1)(B) requires a party to provide to the other party all documents in their possession, custody or control that it

- 4 -

"may use to support its claims or defenses." Plaintiffs do not intend to use therapist records to support any of their claims or defenses.

If defendant believed it had any right to such privileged documents it should have first sought them through regular discovery prior to the discovery cut-off date. Defendant should not be permitted to re-open discovery in the middle of trial to seek to obtain clearly privilege protected documents.

**III. CONCLUSION**

For the foregoing reasons plaintiffs motion for protective order should be granted with respect to the psychologist's records now sought by defendant in mid trial.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: 2/22/08

By: /s/ Robert L. Keogh
ROBERT L. KEOGH

- 5 -