LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KATHARYNE P. CLARK
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

**FILED**
**DISTRICT COURT OF GUAM**

FEB 28 2008

**JEANNE G. QUINATA**
**Clerk of Court**

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CIVIL CASE NO. 06-00008<br><br>**UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

　　　　The United States hereby submits this Response to Plaintiffs' Motion for Protective Order, showing the Court as follows:

　　　　Plaintiff seems to argue that unless Plaintiff has filed a claim for intentional or negligent infliction of emotional distress, her medical state is not at issue and therefore her mental health records are protected by the psychiatrist - patient privilege. She relies on the case of *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Ca. 1999) for this proposition. Such a reading of the holding of that case is too narrow.

　　　　*Fritsch* actually holds that if the patient desires compensation for damage to her emotional condition, then defendant is entitled to explore the circumstances that caused that

1

injury. *Id.* at 569.

Numerous cases support the proposition that where plaintiff claims only "garden variety" emotional damages, such is not a claim that puts her mental status at issue and does not waive the psychiatrist - patient privilege. However, where, as here, Plaintiff makes a claim of a specific mental or psychiatric injury or disorder, or a claim of unusually severe emotional distress, or offers expert testimony to support a claim of emotional distress, she has placed her mental status at issue. *See e.g. Minnard v. Rotech Healthcare Inc.* 2008 U.S. Dist Lexis 6149 (E.D. Ca. 2008); *Ayat v. Societe Air France*, 2007 U.S. Dist Lexis 31285 (N.D. Ca. 2007); *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D.Ca..1995).

In this case, Plaintiff Deborah Rutledge has claimed specific emotional injuries and raised the specific mental diagnosis of depression. Plaintiff also seeks to admit expert testimony regarding mental damages. The report of Plaintiffs' expert Dr. Steele, filed February 19, 2008, states Plaintiff complains of sexual impairment. He notes: "This is a profound change and, as she reports, it 'affects me mentally.' " (Steele Report, 2/19/08, page 5).

Dr. Steele also raises a specific mental diagnosis. He opines that Plaintiff is fatigued as the result of medication she takes for depression. (Steele Report, 2/19/08, page 9).

Plaintiff also claims unusually severe emotional damages,. Dr. Steel wrote in his report: "But her illness and the symptoms that have followed have profoundly changed their lives. ... She indicates these limited activities have become her life in the past three and a half years. They are in great contrast with her very active lifestyle before her illness." (Steele Report, 2/19/08, page 2).

Your Honor may note that in the above referenced cases, the defendants sought a Rule 35 examination of the plaintiff. In the instant case, Defendant seeks only Plaintiff's medical records, which is much less invasive. Further, Defendant seeks only records of mental health treatment that has already occurred. Release of the records can not have the effect of "chilling" Plaintiff's conversations with her therapist, as the conversations have already occurred.

2

In summary, Plaintiff has put her mental state in issue. She seeks compensatory damages for mental injury. She claims severe emotional damage. She offers expert testimony to support her claim of emotional injury. Medical records of Plaintiff's mental health treatment are probative to the causation and degree of claimed damages, and by putting her mental condition in issue, she has waived the privilege.

It is Defendant's position that the Court would benefit from as full and complete a picture of Plaintiff's medical condition, including her mental health, as possible, in order to render a fair verdict. Defendant United States respectfully requests Your Honor to order Plaintiff to produce all her mental health records, from 27 July 2004 forward, *instanter*. In the alternative, Defendant respectfully requests that Your Honor strike all claims for and evidence of emotional damages, and allow no payment of compensatory damages for same.

Respectfully submitted this 28th day of February, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *Katharyne P. Clark*
MIKEL W. SCHWAB
Assistant U.S. Attorney

KATHARYNE P. CLARK
Special Assistant U.S. Attorney

3