LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

FILED
DISTRICT COURT OF GUAM

MAR 0 3 2008 *nba*

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. CIV06-00008<br><br>PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO IN LIMINE MOTION FOR PROTECTIVE ORDER; CERTIFICATE OF SERVICE |

Defendant has failed to provide any legal authority to justify its request for production of copies of plaintiff Deborah Rutledge's psychological therapy records. What authority defendant does cite supports plaintiffs' protective order request. Additionally, defendant has failed to even address the privilege and discovery issues raised in plaintiffs' motion.

Defendant first argues that plaintiffs propose a "too narrow" reading of <u>Fritsch v. City of Chula Vista</u>, 187 F.R.D. 614 (S. D. Ca. 1999). Without elaboration of its argument, defendant simply refers the reader to page 569 of the decision. Since the <u>Fritsch</u> opinion begins on page 614 and ends on page 636 there is no page 569 and it is impossible to discern the basis for defendant's position.

Defendant next cites three California district court cases addressing Rule 35 requests for mental examinations of plaintiffs in support of its argument that plaintiff Deborah Rutledge's psychological therapy records should be produced. Two of the three cases cited by defendant support plaintiffs' request for a protective order and the third is thoroughly distinguishable.

In Turner v. Imperial Stores, 161 F.R.D. 89 (S.D. Ca. 1995), the plaintiff sought damages for humiliation, mental anguish and emotional distress in a Title VII employment termination claim. The court held that a claim for such damages does not place one's mental condition "in controversy" within the meaning of Rule 35 and denied the defendant's request for an independent mental examination. The court stated that "rule 35 was not meant to be applied in so broad a fashion." Id., at 97.

Minnard v. Rotech Healthcare, Inc., 2008 WL 150502 (E.D. Ca.), another wrongful employment termination claim, also concerned a defendant's request for a Rule 35 mental examination of the plaintiff who had asserted a specific claim for infliction of emotional distress. The court noted,

> Before a mental examination is compelled, in addition to a bare claim for mental distress, the moving party should demonstrate one or more of the following:
>
> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of

- 2 -

>unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

Id., at *1. The court further stated that "[c]ases which involve little more than garden variety allegations of past emotional distress ordinarily are not sufficient to require a mental exam." Id.

The issue in Minnard was actually the timing of the request not whether the Rule 35 examination should be conducted, since a specific claim for infliction of emotional distress had been asserted. In any event, Minnard is inapposite since the issue presently before the court is production of psychologist records in the middle of trial and not a request for a Rule 35 examination.

Ayat v. Scoiete Air France, 2007 WL 1120358 (N.D. Ca.) is similarly unpersuasive and inapplicable. Ayat involved an airplane accident injury claim where the plaintiff asserted specific claims for depression and post traumatic stress disorder resulting from the accident. The court held that by asserting such claims the plaintiff's mental condition was indeed in controversy and a Rule 35 examination was appropriate as part of the regular discovery process. Ayat did not involve a request for records in the middle of trial that had never been requested previously.

- 3 -

Defendant has failed to address the fact that it has never served plaintiffs with discovery requests of any kind during the course of this proceeding. In support of this mid-trial request for privileged records which defendant has never sought during the period of discovery, defendant boldly asserts that plaintiffs should have produced these records as Rule 26(a)(1) disclosures, completely ignoring the fact that plaintiffs have not sought to use the records at trial to support their claims.

Defendant's references to notations in Dr. Steele's report raise nothing new with respect to plaintiffs' claims. The effect of the loss of sexual function by Deborah Rutledge was the subject of extensive examination by defendant during her deposition. The fact that Mrs. Rutledge has been taking various medications for depression to help her deal with the profound changes to her life as a result of the injuries she suffers from is also nothing new and is reflected in the medical records for at least the last two years. See. Defendant's Exhibit Q, TINK 015.

Defendant's mid trial request for privileged records is simply too late and unjustified by the circumstances presented here. Defendant has not demonstrated any authority supporting waiver of Mrs. Rutledge's psychotherapist-patient privilege. Defendant has not demonstrated any sound basis for opening discovery in the middle of trial entitling it to seek production of the requested privileged records.

- 4 -

For the foregoing reasons, Plaintiffs' motion for protective order should be granted.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiffs

DATE: 3/3/08        By: /s/ Robert L. Keogh
                         ROBERT L. KEOGH

## CERTIFICATE OF SERVICE

I, Robert L. Keogh, hereby certify that on the 3rd day of March, 2008, I caused to be served via hand delivery, a true and correct copy of the attached document entitled **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO IN LIMINE MOTION FOR PROTECTIVE ORDER; CERTIFICATE OF SERVICE** in the above-captioned matter upon the following office as set forth below:

Mikel W. Schwab
Assistant U. S. Attorney
District of Guam
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatña, Guam 96910

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiffs

DATE: 3/3/08        By: /s/ Robert L. Keogh
                         ROBERT L. KEOGH