LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs



FILED
DISTRICT COURT OF GUAM
MAR 10 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. CIV06-00008<br><br>PLAINTIFFS' REPLY BRIEF ON NON-HEARSAY AS ADMISSION OF PARTY OPPONENT ISSUE |

Currently before the court for consideration is the question of whether the statements of Dr. Douglas Duncan to Mr. and Mrs. Rutledge on two separate occasions that the treatment provided to Mrs. Rutledge at the Andersen Air Force Base Clinic was "criminal," and, whether the statement of Dr. Joseph Orchowski to Mr. and Mrs. Rutledge that it was unfortunate that the disc sat on Mrs. Rutledge's spinal cord for 3 weeks are non-hearsay as admissions of a party opponent. As the defendant United States of America correctly points out, while there are several comparable cases available on this issue, not one can be found specifically relating to statements made by one healthcare provider in one branch of the military against the healthcare providers of another branch of the military.

Plaintiffs submit that the statements made by Dr. Douglas Duncan and Dr. Joseph Orchowski are non-hearsay as admissions of a party opponent pursuant to F.R.Evid. 801(d)(2)(D). The medical facilities and treatment available to all military personnel and their dependents fall under one organization called the Military Health System (MHS). The MHS's website boasts of a "unique partnership of medical educators, medical researchers and healthcare providers and their support personnel worldwide." The MHS is a Department of Defense enterprise that consists of, among others, the medical departments of the Army, Navy, Marine Corps, Air Force, Coast Guard and TRICARE providers, including private sector healthcare providers, hospitals and pharmacies.[1]

As can be seen from the volumes of medical records generated by Mrs. Rutldge's condition from July 27, 2004 to the present time, all her healthcare providers are from the MHS and its TRICARE providers. Her initial medical treatment at the Andersen Air Force Base Medical Clinic, starting from July 27, 2004, continued on to the US Naval Hospital then on to the Tripler Army Medical Center in Hawaii as one continuous stream of medical care. Indeed, to be seen at the U.S. Naval Hospital, she needed and obtained a referral from the AAFB Clinic. When she was seen at the U.S. Naval Hospital, she was again referred to the Tripler Army Medical Center on an emergency air evacuation which required coordination between the Navy (USNH), the Air Force (AAFB) and the Army (TAMC). There

---

[1] Attached is a copy of a page taken from the MHS's website entitled "What is the MHS?" www.health.mil/AboutMHS.aspx>

- 2 -

is an established nexus between the AAFB, USNH and TAMC in the medical treatment and care of Mrs. Deborah Rutledge. Indeed, if there had been negligence in the medical care provided to Mrs. Rutledge by Dr. Douglas Duncan at the U.S. Naval Hospital on Guam and/or Dr. Joseph Orchowski at the Tripler Army Medical Center in Hawaii in that August, 2004 time frame, Dr. Duncan and Dr. Orchowski, as employees of the United States, acting within the course and scope of their employment, could equally, as joint tortfeasors, have rendered the United States of America liable under the Federal Tort Claims Act.

To qualify as non-hearsay admissions of party opponent under F.R.C.P. 801(d)(2)(D), "[t]he only requirement is that the subject matter of the admission match the subject matter of the employee's job description." Taylor v. United States, 2008 WL 152896 at *8 (W.D. Tenn.), citing, Aliotta v. Nat'l R.R. Passenger Corp., 315 F.3d 756, 762 (7th Cir. 2003). In the context of tort claims, "an employee need only be performing the duties of his employment when he comes in contact with the particular facts at issue." Aliotta, supra, citing, Poltec v. Nw. Airlines, 86 F.3d 498, 536 (6th Cir. 1996) (vice president's statements regarding investigation of accident scene qualify as admissions under 801(d)(2)(D) because investigation was conducted as a part of his duties).

In the present case, the statements made by Drs. Duncan and Orchowski pertained to their review and assessment of the medical treatment provided by the AAFB Clinic to Mrs. Rutledge at that time

- 3 -

when they were providing orthopaedic evaluation (Dr. Duncan) and surgical intervention and/or post-surgical follow-up care (Dr. Orchowski). Plaintiffs believe that there is no dispute as to whether the statements made by Dr. Duncan and Dr. Orchowski relate to matters within their scope of agency or employment. Their statements were given within the scope of their employment while they were acting as healthcare providers to Mrs. Rutledge and were made during the existence of their employment relationship with the United States of America.

In <u>United States v. American Tel. & Tel. Co.</u>, 498 F.Supp. 353 (D.C.D.C., 1980), the court addressed a hearsay objection raised by the United States similar to the objection raised here. In the AT&T case, which involved an anti-trust claim brought by the government, the United States tried to limit party opponent objections to the hearsay rule only to Department of Justice employees. The court rejected the government's argument finding that the plaintiff was The United States of America and not just the Department of Justice. <u>Id</u>. at 357-358.

Here, the relationships between Dr. Duncan, Dr. Orchowski, Maj. Giscombe and Capt. Rau are far closer than those found in the AT&T case, the Taylor case and the cases cited by defendant. They were all part of one continuous process of providing medical care to the same patient for the same medical condition. Their statements provided within the course and scope of that employment process qualify as non-hearsay pursuant to Rule 801(d)(2)(D).

- 4 -

The defendant's objections to both statements should be overruled and the court should be free to consider the statements in reaching a decision in this case.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiffs

DATE: 3/10/08

By: /s/ Robert L. Keogh
ROBERT L. KEOGH

- 5 -



**U.S. Department of Defense**
# Military Health System

>>> Army Times: Marine to help House hire wounded vets   >>> AFPS: National Guard Te:

About the MHS    MHS Partners    Healthcare    Education & Training    Research

## What is the MHS?

**The Military Health System mission is to provide optimal Health Services of our nation's military mission—anytime, anywhere.**

America's Military Health System (MHS) is a unique partnership of medical educators, medical researchers, and healthcare providers and their support personnel worldwide. This DoD enterprise consists of the **Office of the Assistant Secretary of Defense** for Health Affairs; the medical departments of the Army, Navy, Marine Corps, Air Force, Coast Guard, and **Joint Chiefs of Staff**; the **Combatant Command** surgeons; and **TRICARE** providers (including private sector healthcare providers, hospitals and pharmacies).

The MHS is prepared to respond anytime, anywhere with **comprehensive medical capability to military operations, natural disasters and humanitarian crises** around the globe, and to ensure delivery of world-class healthcare to all DoD **service members, retirees, and their families**. The MHS promotes a **fit, healthy and protected force** by reducing non-combat losses, optimizing healthy behavior and physical performance, and providing **casualty care**.

As a source of innovative **education, medical training, research, technology** and **policy**, the MHS strives to provide a bridge to peace.



Subrr

This site is the official web site of the Military Health System - The Pentagon, Washington, D.
The appearance of external hyperlinks does not constitute endorsements by the Military Health System of the lir products or services contained therein.

Defense Link   |   USA.gov   |   Privacy and Security Policy   |   Comment Policy   |   Blog FAQ's