1 LEONARDO M. RAPADAS
  United States Attorney
2 MIKEL W. SCHWAB
  Assistant U.S. Attorney
3 KATHARYNE P. CLARK
  Special Assistant U.S. Attorney
4 Sirena Plaza, Suite 500
  108 Hernan Cortez Avenue
5 Hagatna, Guam 96910
  Tel: (671) 472-7332
6 Fax: (671) 472-7215

7 Attorneys for the United States of America

**FILED**
**DISTRICT COURT OF GUAM**

MAR 1 2 2008

JEANNE G. QUINATA
Clerk of Court

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| DEBORAH K. RUTLEDGE and THOMAS R. RUTLEDGE,<br><br>Plaintiffs,<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 06-00008<br><br>**UNITED STATES HAS NO OUTSTANDING OBJECTIONS FROM DEPOSITION OF DR. JABLONSKI** |

Dr James Jablonski, M.D. the Chief of Medical Services at Andersen Air Force Base in 2004, was deposed on November 18, 2006. Approximately two objections were raised by the United States during the deposition of Dr. Jablonski, one during the direct examination and one during he redirect. Plaintiff also raised two objections. Dr. Jablonski answered all the questions and the United States has **no objections** to the deposition transcript now being included in the Court's record.

A review of the objections, no longer extant, is as follows:

1

The United States arranged and paid for a VTC conference with Dr. Jablonski and, due to time limitations on the facilities, quickly introduced Dr. Jablonski and then turned him directly over to the Plaintiff for his direct examination.

At page 41 of the deposition, the United States raised its only objection during Plaintiff's direct examination.

KEOGH "... So, let me see if I can paraphrase or confirm the answer you gave me. Is that, it's your view that a physician assistant or nurse practitioner should have been trained or would have bee trained on the red flag symptoms that constitute the complex of symptoms relating to Cauda Equina syndrome, but they may not have been told the precise term of the Cauda Equina syndrome?

SCHWAB "I'm going to object to that because it mischaracterizes what was said by the doctor.

The doctor continued to answer the question. Page 42 of the Depositon.

At page 77 the United States raised it's other objection during the re-direct.

KEOGH "From the questions that Mr. Schwab was asking you, is it your testimony, and correct me if I'm wrong on this, that the standard of care of treatment that's provided on Guam is below that, that maybe provided, that is provided elsewhere?

SCHWAB "I'm going to object to that because I am not sure that is the proper characterization. I believe the characterization was that Guam being a remote location, doesn't have access to some of the emergent needs that might occur in a patient.

KEOGH "All right, that's what I'm referring to, the limitations – does that mean that the –

2

DR. JABLONSKI *"The standard of care would be, for a condition is, the standard of care, if there is a published standard of care, there are conditions that, medical conditions that occur for which there is not rapid intervention routinely available on the island of Guam.*

*That's true of all the Micronesian islands. Guam has a fairly robust medical system but there are some capabilities like cardiothoracic surgery. They were still being explored when I left Guam in 2005, I don't know if those are rountinely available or not. But neurosurgical intervention was not something that was routinely available at the time of the is particular incident.*

That line of questioning continued. Page 77 to 78 of the deposition.

Interesting to note that Plaintiff also had two objections. On page 74, Plaintiff states:

KEOGH *" I'd like to interpose a, kind of question, in the form of an objection at this point if whether or not Dr. Jablonski is being converted to an expert witness at this point?*

SCHWAB " *No, ... .. "*

Again on page 76, the plaintiff raises an objection:

KEOGH *"I'm going to interpose a general objection to that, but go ahead.*

The Doctor went on to answer the last question of the deposition.

/
/
/
/
/

3

None of the two objections by the United States is extant at this time. The United States has no objection to the entry of Dr. Jablonski's deposition.

Respectfully submitted this 11th of March, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

KATHARYNE P. CLARK
Special Assistant U.S. Attorney

4